206    199
221    ¹ 41

# Dives *v.* Fidelity and Casualty Company of New York, Appellant.

*Insurance—Accident insurance—Employer's insurance—Application—Schedule.*

An employer's accident policy contained this provision : "This policy does not cover loss from liability for injuries as aforesaid to, or caused by, any person unless his wages are included in the estimated wages here-

inafter set forth and he is on duty at the time of the accident in an occupation hereinafter described at the place or places mentioned in the schedule." The application for the policy contained the following : " The estimated pay roll does not include the wages paid by subcontractors." Before the application was signed the word " not " in the item was stricken out, and the answer written was " yes." The schedule attached to the policy contained the exact words of this item, except that in the schedule the word " not " was not stricken out. The answer " yes " was written after the item in the schedule the same as after the item in the application. *Held*, that the wages of an employee of a subcontractor were included in the estimated wages, and that if the insured was compelled to pay damages for injuries to such an employee, he could recover on the policy.

*Insurance—Accident insurance—Pleading.*

In an action on two contractors' liability policies of accident insurance, where the plaintiffs declare in separate counts upon each of the two policies, under the one claiming that the person injured was their employee, and under the other that he was not, and the defendant pleads without objection to the declaration, the court commits no error in refusing defendant's motion made at the beginning of the trial " that the plaintiffs be directed to elect on which of the two counts of the declaration they would proceed."

Argued March 2, 1903. Appeal, No. 225, Jan. T., 1902, by defendant, from judgment of C. P. Berks Co., Aug. T., 1901, No. 56, on verdict for plaintiff in case of Josiah Dives and George S. Pomeroy, trading as Dives, Pomeroy & Stewart, v. Fidelity and Casualty Company of New York. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on policies of insurance against contractor's liability for accidents. Before ENDLICH, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,097.07. Defendant appealed.

*Errors assigned* were (1) in refusing motion to compel plaintiffs to elect on which of the two counts of their declaration they would proceed; (4) in entering judgment on the verdict on a point reserved.

*Cyrus G. Derr*, with him *Edwin A. Jones*, of *Nadal & Carrere*, for appellant.

*Jefferson Snyder*, of *Snyder & Zieber*, with him *A. K. Stauffer*, for appellees, cited: Grandin v. Rochester German Ins. Co., 107 Pa. 26, Haws v. Fire Assn. of Phila., 114 Pa. 431 ; Duffield v. Hue, 129 Pa. 94, as to the effect of the written words.

OPINION BY MR. JUSTICE BROWN, May 18, 1903 :

When about to erect a store building in the city of Reading, the appellees applied to the appellant, a casualty company, for insurance against loss for injuries sustained by employees and others during the erection of the building. Two applications were made by the insured and two policies were issued in pursuance of them. The company had two forms of policies, one known as the "Contractors' Employers' Liability Form," and the other as the "Contractors' Public Liability Form." The policies issued to the appellees were in these respective forms.

In the opinion of the court, directing judgment to be entered for the plaintiffs, it was properly said: "The plaintiffs were not, strictly speaking, 'contractors,' but owners. In order, however, to obtain the insurance they desired conformably to the practice of the defendant company, they signed an application for a policy in each of the two forms—in each application declaring that the estimated pay roll did include wages paid by subcontractors and giving at the same figures both the estimated average number of persons to be employed and the estimated pay roll, which admittedly included all workmen to be employed by contractors, except those concerned with the erection of certain iron work already contracted for. . . . Indeed it would seem that the common sense as well as legally correct treatment of this case requires that the two policies issued to plaintiffs be regarded as constituting part of, and as intended formally to evidence one single and entire transaction, the substance and effect of which were to obtain and afford insurance against liability for injury to all persons who should have occasion lawfully to be in or about the building in the course of its construction and exposed to any of the dangers incident thereto, and fairly within the language of either policy, and who, in case of injury, would have a right of action against the plaintiffs. That is what the plaintiffs sought from and in their applications proposed to the defendant company. That

is what they paid for. That is what, upon a broad and reasonable view of the situation of the parties and of the obvious purposes they were providing for, and also upon a fair construction of the policies tendered to and accepted by the plaintiffs, they had a right to believe they had obtained. And that, therefore, is what the defendant ought to be held to, upon the familiar and enlightened principle, that, so long as courts of justice are called upon to administer contracts, they must be expected to administer them as nearly as may be according to the very intention and understanding that were present in the minds of the parties when they made them: Barnhart v. Riddle, 29 Pa. 92, 97." The learned judge, however, was of the opinion that the plaintiffs were entitled to recover on the first, or " Contractors' Employers' Liability Form " of policy, and in this he was manifestly correct.

Clause B of the policy is: " This policy does not cover loss from liability for injuries as aforesaid to, or caused by, any person unless his wages are included in the estimated wages hereinafter set forth and he is on duty at the time of the accident in an occupation hereinafter described at the place or places mentioned in the schedule." From this it is clear that the defendant company itself defined the persons who were to be regarded as " employees " under the terms of the policy, for the clause cannot be read otherwise than that any person whose wages were included in the estimated wages set forth in the schedule was, for the purpose of the protection intended by the policy, to be considered as an "employee" of the insured, no matter what may be the strict and literal meaning of the word when standing alone. Turning to the estimated total annual wages set forth in the schedule, they are found to be $10,000, and the estimated average number of employees seventy-five. These items, incorporated by the insurance company in its policy, are taken totidem verbis from the application upon which the policy was issued.

Paul Albert, who was injured and for whose injuries the appellees paid him, was actually employed by Burkhart Brothers, who had the contract for doing the brickwork. Item 8 in the blank application presented to the insured was as follows: " The estimated payroll does not include the wages paid by subcontractors." Before the application was signed, the word " not "

in this item was stricken out, and the answer was " yes." We have, then, the application stating distinctly that the wages paid by subcontractors were included in the estimated wages given to the insurance company, and, in unmistakable language, the intention of the insurer, as found in clause B of its policy, was, that it included every employee who, under subcontractors, was helping to erect the building.

To avoid this plain covenant to indemnify the insured from loss arising from injuries sustained by Paul Albert, the insurance company points to item 8 of the schedule in the policy, which, with a single exception is in the exact words of item 8 of the application. The exception is, that in the schedule the word " not " is not stricken out, and the contention of the appellant is, that, as the answer " yes " appears in that item, the insured represented to the company that the estimated payroll did not include the wages paid by subcontractors.

Whether the insurance company, in undertaking to embody the application in its exact words in the policy failed, intentionally or otherwise, to strike out the word " not " in item 8 of the schedule, is immaterial, for the only sensible interpretation to be put upon that item in the schedule, which must be regarded as a question and answer, is, that the insured said to the insurer that the estimated pay roll did include wages paid by the subcontractors. " Yes, the estimated payroll does include the wages paid by subcontractors." The professional or lay mind would read this as the only intelligent answer given and intended to be given to the question, and, to say the least, it is an unwarranted play upon the word " yes " to give it, in the connection in which it is used, the import asked for by the insurer. Item 8 in the application literally and distinctly states that the estimated pay roll includes the wages paid by subcontractors ; item 8 in the schedule does the same in a slightly different form, for both express what was testified to by John E. Lewis as having been " clearly understood " by him and the representative of the insurance company at the time the application was signed. We need only add that the court below, in entering judgment for the plaintiffs, simply read the application and the policy issued in pursuance of it as they were written.

The first assignment of error is, that the court below re-

fused defendant's motion, made at the beginning of the trial, " that the plaintiffs be directed to elect on which of the two counts of the declaration they would proceed." In the statement of the questions involved on this appeal, we are not asked to consider the one raised by this assignment, and, as it does not seem to be seriously pressed in the printed argument, we overrule it. We could give no better reason for doing so than the following, taken from the opinion of the court below in entering judgment on the verdict : " They [the appellees] had declared separately upon each of the two policies held by them, under the one claiming that the person injured was their employee, and under the other that he was not. It may very well be that this method of stating their case was not in perfect accord with the requirements of the Practice Act of May 25, 1887, P. L. 271. But defendant had without objection pleaded to the declaration and indeed was raising no question as to its propriety in form or substance, and there seemed to be no reason why, in fairness to defendant, the discretion to compel an election, if still exercisable, should be then exercised ; nor is there any reason apparent now for supposing that any harm may have been done by the refusal to exercise it. If the defect were such as to forbid a judgment for plaintiffs in the case, that circumstance would have been taken advantage of by a motion in arrest of judgment : Sidwell v. Evans, 1 P. & W. 383, 387."

Judgment affirmed.