208    569
221    2 41

# Frankfort Marine, Accident & Plate Glass Insurance Company v. Witty, Appellant.

*Contract—Insurance against loss by negligence—Consideration—Fraud.*

An insurance company insured a firm of manufacturers against legal liability for negligence in their mills. The limit of the policy was $5,000. Subsequently an employee recovered from the insured a verdict of $9,000 for personal injuries. The verdict being thought excessive, the question of a reduction, or a new trial was considered by the parties, with the result that the insured undertook to pay four-ninths of whatever sum should be finally paid to the injured employee, either by way of compromise, or upon another verdict. The litigation then proceeded, and finally resulted in a settlement for $3,500. The insurance company paid this amount, and brought suit against the insured to recover four-ninths thereof. *Held*, that the agreement was based upon sufficient consideration, and that the insurance company was entitled to recover.

In the above case it appeared that on the day after the verdict the insured and an agent of the insurance company met to discuss the matter, and the latter after reporting that he was advised by counsel that the amount was excessive, volunteered the opinion that a new trial could only be had by the same counsel who had tried the case, and that a release of the company by the insured on the payment of the full amount of the policy would not protect the former from the claim of the injured employee on the verdict. The agent was not a lawyer, his statements were not made in the presence of counsel, nor were they represented as coming from counsel. The insured could have consulted their own counsel, but as he was out of town, they yielded to the urgency for a speedy decision of the matter, and made the agreement. *Held*, that there was nothing in the case which a jury could have been permitted to find was fraud which vitiates the contract.

Argued Jan. 14, 1904. Appeal, No. 181, Jan. T., 1903, by defendants, from order of C. P. No. 4, Phila. Co., March T., 1902, No. 1515, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Frankfort Marine, Accident and Plate Glass Insurance Company v. Charles H. Witty and Gustav Rumpf, trading as Charles H. Witty & Co. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Appeal from judgment for want of a sufficient affidavit of defense.

From the record it appeared that the plaintiff had insured the defendants against legal liability for negligence in their bleaching mill. The limit of the policy was $5,000. Sub-

sequently an employee sued the defendants for the loss of his right arm, and recovered a verdict against them for $9,000. The day after this verdict was rendered an agent of the plaintiff and the defendants met and discussed the matter, and the following correspondence resulted:

"PHILADELPHIA, PA., January 11th, 1902.
"MESSRS. CHARLES H. WITTY & COMPANY,

"Gentlemen: A verdict of nine thousand ($9,000) dollars having been rendered yesterday in favor of John DeBleyker, Jr., against your firm in court of common pleas No. 5, for a personal injury, and we having under our policy assumed of the verdict the sum of five thousand ($5,000) dollars, and it being thought advisable for the benefit of us both that a motion for a new trial, for reduction of verdict and if necessary an appeal to the Supreme Court should be made, and it being possible that at some stage a settlement would be judicious, we have to-day talked the matter over with you and reached the following conclusion:

"The case to be litigated by us or compromised with the consent of your firm, and upon the conclusion of the litigation in either manner the total amount, including the costs and expenses of conducting the litigation, which must be paid either by way of compromise or in satisfaction of a judgment, shall be paid by us and yourselves in the following proportions: The Frankfort Marine, Accident and Plate Glass Insurance Company to contribute five-ninths of the total and the firm of Charles H. Witty & Co. to contribute four-ninths thereof.

"Please advise us if this letter correctly expresses our understanding.

"Very truly yours,
"LEEDS, McCLELLAN & Co.,
"General Agents The Frankfort Marine,
"Accident & Plate Glass Insurance Co."

After two days deliberation Witty & Co. added the following writing:

"January 13th, 1902.

"This letter correctly expresses our understanding and we accept your proposition.

"CHARLES H. WITTY & Co."

Thereupon the insurance company expended money for counsel fees, depositions, printing, etc., with a result that a new trial was granted and the case was finally settled for $3,500 with the concurrence of Witty & Co. The total expense was $3,638.15 which was paid by the insurance company and this suit was brought to recover four-ninths thereof, or $1,616.96.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William Y. C. Anderson*, and *William Jay Turner*, for appellants.—In consequence of its election to undertake the defense of the DeBleyker suit, the appellee imposed upon itself the burden of moving for a new trial or of taking an appeal in the event of a verdict or judgment being rendered for the plaintiff in any sum greater than $5,000, the utmost limit of its liability under the policy held by the appellants. In this regard the appellee certainly stood in the same relation to the appellants as an attorney does to a client. It is not only the right, but the duty of an attorney to take and prosecute an appeal from a judgment adverse to his client, if by so doing his client's interests will be advanced : Grosvenor v. Danforth, 16 Mass. 74; Fire Assn. v. Rosenthal, 108 Pa. 474; Wimer v. North Township Overseers, 104 Pa. 317.

The appellants were misled as to their legal rights as against the DeBleyker verdict by two false statements of the general agent of the appellee at the interview at which the letter containing the appellee's proposition was written : Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495 ; Com. v. Julius, 173 Pa. 322; Enos v. Sun Ins. Co. 67 Cal. 621 (8 Pac. Repr. 379).

*Thomas Leaming*, for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE MITCHELL, April 11, 1904 :

The contract sued upon was entirely clear. The situation of the parties when they made it was this : appellants were held by a verdict of $9,000 in favor of an employee for injuries received through their negligence, and against this liability the appellee was bound to indemnify them to the extent of $5,000,

the limit of its policy.  The verdict being thought excessive, the question of a reduction, or a new trial, was considered by the parties, with the result of the agreement now sued on, that appellants undertook to pay four-ninths of whatever sum should be finally paid to the injured employee, either by way of compromise or upon another verdict.  The consideration to both parties was the chance that the sum each would have to pay in the end, would be less than its proportion of the existing verdict.  But there was also a chance the other way, and by the agreement appellee assumed an unlimited obligation for five-ninths of what should be ultimately recovered by the injured employee, although that might exceed its whole liability under the policy.  A compromise settlement was in fact effected with the injured employee, and under the agreement the appellants escaped with less than half the amount for which they had been liable when it was made.  It comes with very ill grace from them now to try to repudiate it.

It is argued that the appellee was already bound to go on and endeavor to get a new trial and therefore there was no consideration for the present contract.  A sufficient consideration has already been shown.  But there was no such obligation to go further.  By its policy it was bound to indemnify the appellants up to the amount of the policy, and on the other hand it had the entire management and control of the suit and could terminate its liability at any time by paying the appellants the full amount of the policy.  Whenever therefore it became convinced that further proceedings would be useless or against its interests it was not bound to go on, but could stop with the present certainty rather than risk the contingent future.

The charge of fraud in the making of the contract hardly requires notice.  The day after the verdict the appellants and the agent of the appellee met to discuss the matter, and the latter after reporting that he was advised by counsel that the amount was excessive volunteered the opinion that a new trial could only be had by the same counsel who had tried the case, and that a release of appellee by appellants on the payment of the full amount of the policy would not protect the former from the claim of the injured employee on the verdict.  The agent was not a lawyer, his statements were not made in the pres-

ence of counsel nor were they represented as coming from counsel. They were simply opinions expressed by a layman upon matters of law, during the negotiations leading to the new agreement. Appellants could have consulted their own counsel, and in the affidavit of defense, say they desired to do so, but he being out of town they yielded to the urgency for a speedy decision of the matter and made the agreement. In doing so they acted on their own judgment, and there is nothing shown in the case which a jury could have been permitted to find was fraud which vitiates the contract.

Judgment affirmed.