# Gould, Appellant, *v.* Brock.

*Insurance—Insurance against result of uncertain litigation—Means of defense—Maintenance.*

A party sued has the right to avail himself of all proper means of defense, not only by the professional assistance of counsel, but also by expert and other testimony, and the experience of persons familiar with the business, and he also has the further right to protect himself by insurance from an adverse result of uncertain litigation.

An insurance company which has for a consideration insured an owner of an automobile against liability in damages for accidents, cannot be restrained by an injunction from appearing by its own counsel and conducting the defense in an action against the owner of the automobile to recover damages for personal injuries.

Argued Jan. 9, 1908. Appeal, No. 333, Jan. T., 1907, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1907, No. 2,595, sustaining demurrer to bill in equity in case of Claude C. Gould v. John W. Brock, Executor of Robert C. H. Brock, deceased, and Travelers' Insurance Company of Hartford. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

The bill averred as follows:

One of defendants, John W. Brock, is executor of Robert C. H. Brock.

The other defendant, The Travelers' Insurance Company of Hartford, is a Connecticut corporation.

The plaintiff, Claude C. Gould, sued said Brock, executor, at law to recover damages for personal injuries negligently and unlawfully inflicted upon plaintiff by the deceased Brock, in the running of an automobile, which suit is pending.

Thereupon the said foreign corporation, not being of kin to the said Brock, and not sustaining any relation to him or to his estate, or to the plaintiff lawfully entitling it to interfere and intermeddle in the said common-law action, has, nevertheless, for hire paid to it by said Brock, undertaken to maintain and conduct the defense against the said action, at its own cost, and according to its sole discretion, and without any expense for costs or reference whatsoever to the said Brock, and for the purpose of obstructing, preventing and defeating plaintiff in his effort to enforce and obtain his just rights ; and, in furtherance of its said unlawful undertaking, has caused to be entered in said common-law action an appearance and plea by its own attorney, ostensibly for said Brock, but in truth and in fact for itself, and proposes to maintain and conduct the defense in said litigation until final judgment, although the plaintiff has and can have no claim or recourse against the said corporation for the damages suffered and claimed by him in said common-law action against Brock.

By means of the said unlawful contrivance between said Brock and said corporation, and the resulting interference, intermeddling and maintenance by said corporation, the plaintiff is greatly harassed, hindered and prejudiced in his effort to obtain and enforce his just rights, to his irreparable injury and contrary to law and equity.

The bill prayed for an injunction :

1. Restraining said corporation from intermeddling in the action at law aforesaid.

2. Requiring it to withdraw the said appearance and plea.

3. Restraining Brock from receiving assistance from said corporation.

4. General relief.

A demurrer was filed to the bill, which was sustained by the court.

*Error assigned* was decree of the court sustaining the demurrer.

*T. A. Fenstermaker*, with him *James L. Stanton*, for appellant.—As between parties, contracts whose consideration is maintenance will not be enforced : Ormerod v. Dearman, 100 Pa. 561 ; Burt v. Place, 6 Cowen (N. Y.), 431 ; Harris v. Brown & Gunther, 9 Pa. Dist. Rep. 521 ; Brotherson v. Consalus, 26 How. Pr. (N. Y.) 213 ; McPherson v. Cox, 96 U. S. 404 ; Jeffries v. Mutual Life Ins. Co., 110 U. S. 305 (4 Sup. Ct. Repr. 8).

*James Wilson Bayard* and *Frank P. Prichard*, for appellees, were not heard.

PER CURIAM, April 27, 1908 :

No cause of action is alleged in the bill which in any view of it can sustain the interference of a court of equity. If there are any available merits in complainant's case they are maintainable at law.

But there is no ground either at law or in equity. The right of a party sued to avail himself of all proper means of defense, not only by the professional assistance of counsel, but also by expert and other testimony, the experience of persons familiar with the business, etc., and the further right to protect himself by insurance from an adverse result of uncertain litigation, are beyond question.

There was a time when all insurance, and especially of life, was looked upon with suspicion and disfavor, but it was only because regarded as a species of wagering contract. That time has long gone by. And with the intelligent study of political economy bringing the recognition of the fact that even the most apparently disconnected and sporadic occurrences are subject to at least an approximate law of averages, the insurance against loss from any such occurrence has been recognized as a legitimate subject of protection to the individual by a guaranty of indemnity from some party undertaking to distribute and divide the loss among a number of others for a premium giving them a prospect of profit.

There is nothing in this case that even remotely discloses the taint of maintenance, even at common law, much less of the principle of maintenance as administered at the present day with a clearly defined limitation to cases of actually malicious, dangerous or illegal intermeddling with other parties'

litigation: Fenn v. McCarrell, 208 Pa. 615 ; Frankfort Marine, etc., Ins. Co. v. Witty, 208 Pa. 569 ; Dives v. Fidelity & Casualty Co., 206 Pa. 199 ; Phillipsburg Horse Car Co. v. Fidelity & Casualty Co., 160 Pa. 350.

Decree affirmed.