A. P. Landis, Inc. *v.* Mellinger, Appellant.

.Argued November 13, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John L. Hamaker*, and with him *Chas. W. Eaby*, for appellant.

*Harris C. Arnold*, with him *Owen P. Bricker* and *John A. Coyle*, for appellee.

Opinion by Baldrige, J., December 18, 1934:

This is an action of assumpsit to recover on a check given by the defendant to Walter F. Wenger, endorsed by him, and delivered to plaintiff. The check was duly deposited in the bank, but was not honored as defendant, by notice, stopped payment thereof. An affidavit of defense and the new matter averred set forth that plaintiff was not a holder in due course because the check was obtained from defendant by fraud with knowledge of the plaintiff. The allegations upon which appellant relies are, in substance, that an agent of the appellant and Wenger were involved in an automobile collision, as a result of which both cars were damaged. Two days after the collision Wenger and the secretary-treasurer of the appellee told the ap-

pellant that he must purchase a new automobile for Wenger as appellant was legally liable for damages; that he should pay $407.77, which amount, together with the value of Wenger's wrecked automobile, would purchase a new car for him. It was averred further that Wenger's car could have been repaired for $150, a sum less than the value of the car before the collision, which was in excess of $300; that both Wenger, and the secretary-treasurer of the appellee who was in the business of selling automobiles, knew these facts. Relying on these statements, appellant executed and delivered his check, and Wenger purchased a new car from appellee. After narrating these general facts, appellant avers: "That the aforesaid statements were in wilful and deliberate misrepresentation of the legal measure of damages to which the said Walter F. Wenger would have been entitled, if any."

The learned court below held that the alleged misrepresentations were matters of law, made by a layman, who did not have special knowledge, and, therefore, were not fraudulent. Judgment was accordingly entered in favor of the plaintiff. This appeal followed.

An analysis of the defendant's averments of fraud shows at once mere general allegations of the extent of the damages to, and the value of, Wenger's car, without giving details by definitely describing the nature and extent of the damages, etc.: Levine et al. v. Pgh. State Bank, 281 Pa. 477, 481, 127 A. 68. The language used is only indicative of the defendant's estimate in contradiction of the opinion of plaintiff's agent as to the plaintiff's liability and extent thereof. This was insufficient. It is said in Klerlein v. Werner, 307 Pa. 16, 22, 160 A. 719: "A mere false assertion of value when no warranty is intended is not grounds for relief, because the assertion is a matter of opinion. Especially is this

true where the one supposed to rely on such statement has an equal opportunity to ascertain the facts on which such opinion might be based ...... The rule that a misrepresentation, to be the basis of an action for deceit, must be one of an existing fact and not a mere breach of a promise, is unalterably established: Purcell v. Binns, 298 Pa. 447.'' See, also, Frankfort, etc., Ins. Co. v. Witty, 208 Pa. 569, 57 A. 990.

Our attention is called by the appellant to the Restatement of the Law on Contracts, §470, which defines ''misrepresentations'' as (1) ''any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the facts. (2) Where a misrepresentation would be likely to affect the conduct of a reasonable man with reference to a transaction with another person, the misrepresentation is material, except as this definition is qualified by the rules stated in §474.'' Section 474 provides: ''A manifestation that the person making has no reason to expect to be understood as more than an expression of his opinion, though made also with the intent or expectation stated in §471, is not fraud or a material misrepresentation, unless made by (a) one who has, or purports to have expert knowledge of the matter.'' A comment under this last quoted section is, inter alia, as follows: ''A frequent application of the rule stated in the section occurs where there is a misstatement of law. A representation of a rule of law unless made by one supposed to have expert knowledge of the special rule to one who is ignorant of the subject, is inoperative. Except under such circumstances, the truth or falsehood of misrepresentations of law should not be relied upon.''

There is no adequate allegation that either Wenger or the plaintiff's agent was an expert in appraising damaged cars. As the learned court below very aptly says: ''The question, therefore, arises whether plain-

tiff or its officer as a layman made a misstatement of law, or whether he had an expert knowledge of the question of law as to the measure of damages in automobile accidents. If the misrepresentation related to the condition of the defendant's automobile after the collision and plaintiff or its agent had misrepresented the damaged condition of the car and the same would be set forth with particularity, or if the plaintiff or its agent in addition to being engaged in the automobile business were adjusters of automobile accident claims, the representation alleged to be fraudulent might be considered as being made by an expert and would amount to more than a mere expression of opinion. However, that is not the situation under the pleaded facts of the instant case." The specific averment, as above stated, is that there was a wilful and deliberate misrepresentation of the legal measure of damages. This, of course, was not an averment of superior knowledge or a misrepresentation of an existing fact constituting deceit, but simply an expression of an opinion of the legal liability of the defendant as to a matter of law, which was insufficient to amount to a fraudulent misrepresentation.

Judgment is affirmed.