110 135
156 633
110 135
166 652

# Dexter et ux. *versus* Billings, Adm'x.

1. A party does not deprive himself of the benefit of an exception to the exclusion of evidence by amending the record so as to make that evidence admissible.

2. In an action of tresspass q. c. f. by A. and B., his wife, to the use of B., a deed was offered in evidence from B.'s brother to A. and B. jointly, to be followed by parol evidence to show that the deed was for B.'s interest in her father's estate. This offer was rejected and an exception was taken. The record was then amended by making A. a beneficial plaintiff:

[Dexter *v.* Billings.]

*Held,* that the exception to the exclusion of the evidence was not waived by the subsequent amendment of the record, and *held* further that the evidence should have been admitted.

3. A deed from a brother to his married sister and her husband jointly for her interest in her father's real estate does not divest her title as beneficial owner of the whole of this share, unless affirmatively shown that she made a gift to her husband of a joint interest in the same.

4. A trespasser has no standing to dispute the allegation, in a declaration in trespass by a husband and wife, that the wife is the sole owner of the property on which trespass was made.

5. Since the Act of April 11th, 1848, where a husband and wife are seised of land, under a conveyance to both, the failure of the husband to bring suit for trespass within six years, even when he might sue alone, cannot deprive the wife of that right.

May 12th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas of *Tioga county :* Of July Term 1885, No. 8.

Trespass *quare clausum fregit,* by John M. Dexter and Mary C. Dexter, his wife, for the use of said Mary C. Dexter, against Sarah M. Billings, administratrix of the estate of Silas X. Billings, deceased, to recover damages for the cutting and removing of certain timber from land claimed by plaintiffs. Pleas, not guilty and the Statute of Limitations.

On the trial, before WILLIAMS, P. J., counsel for plaintiffs offered in evidence the deed of Silas X. Billings and David T. Billings and wife to John M. Dexter and Mary C. Dexter, his wife, dated September 22d, 1862, conveying to the grantees one thousand four hundred and twenty-four and five eighths acres of land in Elk township, Tioga county, embracing the lands covered and described in the plaintiffs' declaration upon which the alleged trespasses were committed. To be followed by parol evidence of the declaration of Silas X. Billings, one of the grantors and the person by whom the alleged trespasses were committed, to the effect in substance that Mary C. Dexter, a sister of his, was part owner of a large tract of land, to the amount of ten thousand acres, in Elk township, which came from their father; that the aforesaid Silas X. Billings had purchased the interest of the other heirs, excepting said Mary C. Dexter, and that upon his request to purchase her interest she had declined to sell to him, preferring to keep her interest in the estate for herself and children, and that in obedience to her desire he had requested her to select from the lands a portion to be equivalent to her (portion of her) interest in the estate, and that she selected the lands embraced in this deed, and that he was making this conveyance to the said

Mary C. Dexter, which was intended to be her interest in the Elk property of her father, in consideration of which he had, or was to have, or did have, her interest in the balance of the property in Elk township, and that no other consideration was ever paid to Silas X. Billings for the conveyance of the property mentioned in the deed. To be further followed by evidence that at the time of the conveyance, at the time of the execution of the deed in question by Silas X. Billings, the said Mary C. Dexter was a married woman, and as such continued down to the present time.

This evidence was offered for the purpose of showing that the title of the land upon which the alleged trespasses were committed was in Mary C. Dexter, the plaintiff in this case.

Counsel for the defendant objected to all that portion of the offer excepting that which proposes to give the deed from Silas X. Billings and others to John M. Dexter and Mary C. Dexter, his wife, as incompetent.

The court sustained the objection to the admission of so much of the offer as was intended to reform the deed of Silas X. Billings and others to Mr. and Mrs. Dexter; so much of the offer was excluded. Exception. (First assignment of error.)

By leave of court the record was then amended by adding the name of John M. Dexter as a plaintiff. After the amendment was so made, counsel for plaintiffs offered to prove by D. A. Paddock and other witnesses "that S. X. Billings, during the years 1865, 1866 and 1867, and up to and including 1872, let contracts for stocking pine lumber from the lands embraced within the deed already offered in evidence. That during these several winters these men were employed by Billings by contract, and during these several years pine timber approximating to two million feet, board measure, was taken from the lands of the plaintiff. That the jobbers for this work were paid by S. X. Billings. That the timber was removed from these lands by the said Billings and men under his employment and taken to Cedar Run and floated to Pine Creek and there sold." Objected to by defendant for the reason that it was not proposed to be proven that any trespass was committed upon the lands of the plaintiff by S. X. Billings within six years prior to his decease, which occurred October 13th, 1879. Objection sustained and evidence excluded. Exception. (Second assignment of error.)

The court directed the jury to find a verdict for the defendant, which was accordingly done and judgment was entered thereon. Plaintiffs then took this writ, assigning for error the exclusion of the offers of evidence as above, the action of the court in holding that the Statute of Limitations ran against a *feme covert* and in directing a verdict for defendant.

[Dexter *v.* Billings.]

*Samuel Linn* (*J. B. & A. R. Niles* with him), for plaintiffs in error.—The purpose of the first offer was not to reform the deed but to show " that the title of the land, upon which the alleged trespasses were committed, was in Mary C. Dexter." So far as any title was vested in John M. Dexter by the deed mentioned in the offer, he was a mere trustee for his wife and the entire ownership was in her: Myers *v.* Leas, 5 Out., 172; Lynch *v.* Cox, 11 Harris, 265; Beck *v.* Graybill, 4 Casey, 71; Bickel's Appeal, 5 Nor., 204. Such resulting trust may be proven by parol testimony: Wiser *v.* Allen, 11 Nor., 317; Rupp's Appeal, 4 Out., 531. Having thus disposed of the question as to the competency of the evidence to establish a trust, it may be proper for us to add here that, inasmuch as the suit as brought alleges the title to the land trespassed upon to be that of the wife, it does not lie in the mouth of the defendant, being a trespasser, to controvert this allegation. He stands in no privity to the vendees, and it is in vain for him to rid himself of the consequences of his trespass by denying the trust: Hoar *v.* Axe, 10 Harris, 381; Williard *v.* Williard, 6 P. F. Sm., 119. In regard to the Statute of Limitations we contend as follows: First, that Mrs. Dexter being a *feme covert*, the statute does not run against her: Act of March 27th, 1713 (Purd. Dig., 932); Etter *v.* Greenawalt, 2 Out., 422. Secondly, that since the passage of the Act of 1848, her title to the property cannot in any way be affected by any act or omission of her husband, who holds with her by entireties. Thirdly, that she, being entitled to the protection of the Act of 1848, has a right to stand upon her individual title as the owner of the property by entirety, and to bring this action of trespass for an invasion of her rights. Fourthly, that although the bar of the statute may affect the right of the husband, yet, since the Act of 1848, she being the owner of the entire title, her right cannot be so affected.

*M. F. Elliott,* (*J. Harrison, H. Sherwood* and *F. E. Watrous* with him), for defendant in error.—The deed from Billings was to John M. Dexter and Mary C. Dexter, his wife. Plaintiffs did not offer to prove that the name of John M. Dexter was inserted by fraud or mistake, and without such proof parol evidence was incompetent to affect the title of John M. Dexter. The plaintiffs, by adding the name of John M. Dexter as a party plaintiff, waived the first specification of error. The Act of March 27th, 1713, is an answer to the plea of the Statute of Limitations when the right of action accrues to a married woman for an injury to her separate real estate and when the recovery, if any, would be for her own use, and where, if the suit is brought prior to her husband's death, he is joined with

her simply for conformity. In this case the land upon which it is alleged the trespass was committed was conveyed to Dexter and wife jointly and this suit is brought in the name of John M. Dexter and Mary M. Dexter as joint plaintiffs and not for the use of Mary M. Dexter. Hence, if the statute is a bar to the husband's recovery, there can be no recovery by Mrs. Dexter: McDowell v. Potter, 8 Barr, 189.

Mr. Justice STERRETT delivered the opinion of the court, October 5th, 1885.

It is claimed by plaintiffs that the land on which the alleged trespasses were committed was part of ten thousand acres of timber land of which Silas Billings in 1853 died seised and intestate, leaving as his heirs at law seven children, among whom were Silas X. Billings, defendant's intestate, and Mary C. Dexter, one of the plaintiffs, who in 1860 married John M. Dexter; that in 1858 said timber lands were sold for taxes by the treasurer of Tioga county and purchased by Silas X. Billings, who, until his decease in 1879, continued to hold the same, except that portion thereof which in 1862 was conveyed to his sister, Mrs. Dexter, and her husband; that Silas X. Billings, always recognizing the undivided interest of his brothers and sisters in the lands, from time to time purchased the respective shares of each, except that of Mrs. Dexter, who, preferring to retain her interest in that portion of her father's estate, declined to sell; that he thereupon exhibited to her a map of the lands and requested her to select therefrom her one-seventh; and after she had so selected fourteen hundred and twenty-four and five-eighth acres as her share or portion of the 10,000 acres, the same was conveyed by deed of September 22d, 1862, but by mistake the deed was made to " John M. Dexter and Mary C. Dexter " instead of to " Mary C. Dexter " alone ; that as soon as the mistake was discovered, the husband, who never claimed any interest in the land, executed a quit-claim deed to his wife for the purpose of vesting the legal title wholly in her as was originally intended.

In January, 1881, after death of Silas X. Billings, an action of assumpsit was brought by Dexter and wife, to use of the latter, against his administratrix to recover the value of timber alleged to have been cut and removed from the premises conveyed as aforesaid. By leave of court the action was changed to trespass *quare clausum fregit* under the Act March 29th, 1824, and to the amended declaration the pleas were " not guilty, and Statute of Limitations."

On the trial of the issue plaintiffs offered the deed of September 22d, 1862, to be followed by parol evidence of the facts set forth in the offer recited in first specification of error, for

the purpose of showing that Mrs. Dexter owned the land on which the trespasses alleged in the declaration were committed. The learned judge, treating the offer as an attempt to reform the deed, excluded the parol evidence tending to show the origin of her title and the actual consideration of the conveyance. This action of the court is the subject of complaint in the first specification.

The record was then amended by adding the name of John M. Dexter as one of the beneficial plaintiffs.

For the purpose of proving the alleged trespasses the plaintiffs, *inter alia*, offered to prove the facts recited in the second specification. The offer being objected to was rejected by the court for the reason that the proposed testimony did not tend to prove the commission of any trespass by defendant's intestate within six years prior to his decease on October 13th, 1879.

The court having ruled that any trespass committed more than six years prior to the last mentioned date was barred by the statute, as to both plaintiffs, notwithstanding Mrs. Dexter was a married woman when the trespasses were committed and so continues until the present time, directed a verdict for defendant.

It is claimed by defendant that plaintiffs' bill of exceptions, which forms the basis of the first specification, was waived by the subsequent amendment of the record, adding the name of John M. Dexter as a beneficial plaintiff. We do not think so. It is true plaintiffs might have rested, and relied solely on their exception to procure a reversal of the judgment, if the ruling of the court was wrong, but they were not bound to do so under penalty of abandoning their exception. Without waiving their right to the full benefit of their first bill of exceptions, they were at liberty to amend and endeavor to recover to the extent of Mrs. Dexter's interest, as shown by the deed itself, and thus raise the questions now presented by the second to fifth specifications inclusive. If the court erred in the ruling referred to, plaintiffs were undoubtedly prejudiced thereby, and are therefore entitled to a reversal of the judgment which followed such erroneous ruling. This brings us to the consideration of the question involved in the first specification of error.

The rejected evidence was offered not so much for the purpose of reforming the deed or establishing a resulting trust arising from payment of consideration money as to prove title in Mrs. Dexter long anterior to the conveyance ; that she was originally one of several tenants in common of the large body of timber lands of which her father died seised, and that the transaction between herself and her brother was in substance and effect an amicable partition of the land, in which her in-

terest therein was set apart in severalty. The proposed testimony tended to prove these facts, and if uncontradicted would have warranted the jury in finding them to be true. If they had so found, the fact that the conveyance was made to Mrs. Dexter and her husband jointly would not have the effect of even partially divesting her title, unless it was further shown affirmatively that she made a gift to her husband of a joint interest in her share of the land.

If the transaction was in fact an amicable partition and the deed for the wife's purpart had been made to her husband alone, he would not have thereby become the beneficial owner of the land. He would have held the title for her and not for himself. This position is sustained by both principle and authority: Davis *v.* Davis, 10 Wright, 342. That was a case where, in pursuance of a family agreement and partition, the joint owners of land conveyed to the husband the allotment or portion which had been received by the trustee of his wife in satisfaction of her legacy, and it was held that the husband took the title for her and not for himself; that the title was in her, and upon her decease descended to her heirs. In delivering the opinion of the court in that case, Mr. Justice STRONG said: " When the other joint owners, in consummating what was in effect a partition, conveyed to Archibald Davis, Sr., instead of to his wife, he necessarily held for her and not for himself. The consideration for the title was all hers. The deed to him converted that which had been a tenancy in common into a tenancy in severalty. It could do no more." The same principle is recognized in other cases, among which are the following: Kean *v.* Ridgway, 16 S. & R., 60; Snevily *v.* Wagner, 8 Barr, 396; Trimble *v.* Reis, 1 Wright, 448; McKinney to use *v.* Hamilton and wife, 1 P. F. Smith, 63. The last is a case in which the wife's real estate was sold, and for a portion of the purchase money a mortgage was taken in the name of both husband and wife. It was held that they could not be regarded as joint mortgagees, and hence payment to the husband and satisfaction entered by him did not discharge the mortgage, and the wife, as sole owner of the security, was permitted to recover in an action of *scire facias.* In Trimble *v.* Reis, *supra*, Mrs. Trimble's share of her father's real estate having been conveyed by the other heirs to herself and husband jointly, they afterwards sold a portion of the land and took a mortgage to themselves jointly for part of the purchase money. The conveyance to Trimble and wife being intended merely as a deed of partition, it was held that the entire title was in the wife, and that, by taking the mortgage to themselves jointly, she had not parted with her interest; that it could not be inferred from the form of the security that she intended to give

any portion of her property to her husband, and she was not bound by his release of the mortgage, etc. Other authorities to the same effect might be cited, but sufficient has been said to show that the evidence should have been received to prove the origin of Mrs. Dexter's title and that the deed to her and her husband was in effect a deed of partition and did not divest her title as beneficial owner of the land inherited from her father. John M. Dexter has never claimed title in himself by virtue of the deed. On the contrary he has always recognized his wife as sole owner. Moreover, the declaration alleges title in her. Under these circumstances it does not lie in the mouth of a trespasser to controvert that allegation. In Hoar *v.* Axe, 10 Harris, 381, it is said, "in a suit in name of husband and wife, for her use, against one who has taken property from her possession without showing any claim under her husband or herself, but appears in the transaction as a mere trespasser, the defendant has no right to dispute the assertion of both husband and wife that the property belonged to the wife." The first assignment of error is sustained.

Assuming, for the sake of argument, that the sole beneficial ownership of the land is not in Mrs. Dexter, and that plaintiffs are invested with that peculiar kind of estate which is ordinarily created by a conveyance to husband and wife jointly, the only question of any importance involved in the second and subsequent assignments of error, is as to the effect of the Statute of Limitations—does it run against the wife notwithstanding the provision therein, exempting married women and others from its operation?

Ordinarily, when an estate in land is given to husband and wife or a joint purchase is made by them during coverture, they are neither joint tenants nor tenants in common, because they are one person in law and cannot take by moieties, but are both seised of the entirety, *per tout et non per my*. While joint tenants are each seised of an undivided moiety of the whole, husband and wife are seised of the whole and not of undivided moieties. This species of tenure, arising from the unity of husband and wife, applies to estates in fee, for life or for years, and one of its peculiarities is that neither of them can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor. That feature of the tenure is unaffected by the Act of March 31st, 1812, abolishing survivorship between joint tenants, and hence the tenancy by entireties in husband and wife remains as at common law, excepting in so far as it may have been changed by our married woman's Act of April 11th, 1848. Prior to the passage of that act it was held in Fairchild *v.* Chastelleux, 1 Barr, 176, that where husband and wife, under a deed to

[Dexter *v.* Billings.]

them jointly, had each an entirety of interest with right of survivorship, the husband might maintain, in his own name, an action of trespass *quare clausum fregit* for cutting and carrying away timber. At common law, it was supposed to follow from the unity of husband and wife, and the subjection of the latter to the former, that the husband had control of the estate during his life and might convey or mortgage it during that period; and, as a result of this power over the estate, it might be taken in execution and sold by the sheriff, and his vendee thus become entitled to possession during the life of the husband. But, as was held in McCurdy *v.* Canning, 14 P. F. Smith, 39, the Act of 1848 interposes and prevents such a result by declaring that every species and description of property, of whatever name and kind, which may accrue to any married woman during coverture, by will, descent, deed of conveyance or otherwise, shall be owned, used and enjoyed by her as her separate property and shall not be subject to levy and execution for the debts or liabilities of her husband, etc. The language of the Act is so comprehensive, and its purpose to protect every possible interest of the wife so plain, that it necessarily embraces her interest in the peculiar form of estate under consideration. It would seem to follow that no act of the husband, nor his omission to bring suit within six years after the commission of the alleged trespasses (conceding he had a right to sue in his own name alone) can deprive his wife of the benefit of the exemption contained in the Statute of Limitations. To hold otherwise would be a virtual denial of the benefit intended to be secured to her by the exempting clause in the Act. If the recognition of her right of action indirectly benefits her husband, the result must be attributed to the legal unity of husband and wife and the entirety of the estate held by them.

We are of opinion that the learned judge erred in rejecting the testimony referred to in the second specification, and in ruling as complained of in the remaining assignments of error.

Judgment reversed and a *venire facias de novo* awarded.