## Stoffal *v.* Jarvis.

*Partition—Husband and wife—Deed—Entireties.*

When land is held in common by a married woman and others, and they all join in a partition, and her share is conveyed to her and her husband, the law looks at the character of the transaction, rather than at the form of the conveyance, in order to define her interest, and considers the share as still hers, a divided share being substituted for an undivided one.

Argued Oct. 27, 1911. Appeals, Nos. 180 and 84, Oct. T., 1911, by plaintiff and defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1907, No. 1042, on verdict for plaintiff in case of John Stoffal v. Washington Jarvis, et al., and the Whitehall Driving Association. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for twenty-five acres of land in Baldwin Township. Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for two-thirds of the property in dispute. Both plaintiff and defendants appealed.

*Error assigned* was in entering judgment on the verdict upon the question of law reserved.

*J. W. Kraus,* with him *R. S. Martin,* for John Stoffal.

*Frank W. Jarvis,* for Washington Jarvis, et al.

OPINION BY MR. JUSTICE BROWN, February 19, 1912:
Though the facts in this case seem to be somewhat involved, there can readily be evolved from them an in-

telligent statement, from which it will clearly appear that the court below was right in entering judgment for the plaintiff for but two-thirds of the land in controversy. He claimed the whole of it, and the defendants two-thirds of it. Both have appealed from the judgment, but they respectively got just what belongs to them.

Samuel Cowan at the time of his death was the owner of a tract of land in Baldwin township, Allegheny County, containing eighty-four acres and one hundred and forty-six perches. He died intestate in 1849, leaving to survive him a widow and three daughters, Jane, Margaret and Harriet. Jane married John Stoffal; Margaret, Daniel B. Bennett, and Harriet, David Jarvis. Their mother released her dower interest in the estate of their father, and the three daughters held the land as tenants in common until April 23, 1866, when Mrs. Stoffal conveyed her undivided third to Daniel B. Bennett and David Jarvis, as tenants in common. On May 7, of the same year Jarvis and his wife, for the nominal consideration of one dollar, executed a quit-claim deed to Bennett and his wife, for all their interest in fifty-one acres and seventeen perches of the land of which Cowan had died seized, and, on the same day, Bennett and his wife executed a similar deed to Jarvis and his wife for all their interest in the remaining thirty-three acres and one hundred and twenty-nine perches. The land in controversy is part of this tract. These two deeds were acknowledged on the same day, and both were recorded on October 29 following. The three daughters of Cowan died sometime prior to the institution of this suit. Mrs. Stoffal left to survive her four children; Mrs. Bennett, a husband and one daughter, and Mrs. Jarvis her husband, but no children. The plaintiff is a son of Mrs. Stoffal who, since the death of his mother and aunts, has acquired the interests of his brothers and sisters and the daughter of Mrs. Bennett in the property in dispute.

At the time of the interchange of the quit-claim deeds
Jarvis and Bennett each owned in his own right an un-
divided sixth in the entire tract, having acquired the
same from Mrs. Stoffal. The quit-claim deeds simply
transferred the interest of each of the two daughters of
Cowan from the whole farm and confined it to a por-
tion of the same, that of Mrs. Jarvis being confined to
the thirty-three acres and one hundred and twenty-nine
perches, and that of Mrs. Bennett, to the fifty-one acres
and seventeen perches. There was sufficient from the
fact of the deeds to put a purchaser upon notice that they
represented an amicable partition of the premises by the
two daughters, and the court below correctly so held.
The recital of title in each of them is that the interest
conveyed had descended to the daughters of Samuel
Cowan under the intestate laws, and the uncontradicted
testimony of Bennett was that the deeds had been exe-
cuted and interchanged for the purpose of making a di-
vision of the farm between his wife and Mrs. Jarvis. It
is, therefore, quite clear that Jarvis and his wife and
Bennett and his wife did not hold by entireties, as is con-
tended by the defendants, but according to their actual
respective interests in the land. What was said in Steh-
man v. Huber, 21 Pa. 260, fits the case: "When land is
held in common by a married woman and others, and
they all join in a partition, and her share is conveyed
to her and her husband, the law looks at the character
of the transaction, rather than at the form of the con-
veyance, in order to define her interest, and considers
the share as still hers, a divided share being substituted
for an undivided one."

Upon the death of Jarvis there was notice on the rec-
ord that the only interest he had in the real estate which
is the subject of this controversy was an undivided
third, composed of one-sixth which had been deeded to
him by Mrs. Stoffal, and the one-sixth deeded to him by
Mr. and Mrs. Bennett, and that his wife was seized of an
undivided two-thirds, one-third having come to her di-

rectly from her father and the other one-third by the deed from Bennett and wife. This was the situation at the time the interest of Jarvis was sold under an order of the orphans' court for the payment of his debts, and the purchaser acquired only his interest in the land. Upon his death his tenancy in the undivided two-thirds ceased, and the same not having been held by him and his wife by entireties, the right of possession thereto vested in the plaintiff.

Both appeals are dismissed and the judgment is affirmed.