A. D. BURROWES, Receiver of the COMMERCIAL NATIONAL BANK OF
RALEIGH, v. D. P. FRANKS, MARGARET SMITH TERRY, ELIZA-
BETH SMITH, F. L. TERRY, Guardian Ad Litem of NELLIE SMITH,
and ROBERT Y. SMITH, Jr., Infants.

(Filed 22 November, 1933.)

**Wills F d—Where devisee makes election the land passes under the will
unaffected by devisee's deed evidencing such election.**

Where a devisee under a will is put to her election to take the land
devised and relinquish to her cotenant her title as tenant in common in
other lands, and the devisee elects to take the land devised, and as evi-
dencing her intent to so elect, executes a quit-claim deed to her cotenant
and the husband of the cotenant, the cotenant takes the whole tract of
land in fee under the will notwithstanding the language of the quit-claim
deed to her and her husband, and not as a tenant by the entireties, and
where, upon her death intestate, the lands are partitioned among her
children as her heirs at law, they take the lands allotted to them in fee
subject to the life estate of the husband, and free from any disposition
of the lands the husband may seek to make by will.

APPEAL by defendants from *Harris, J.,* at September Term, 1933, of
WAKE. Affirmed.

This is an action for the specific performance of a contract by which
the defendant, D. P. Franks, agreed, in writing, to purchase of the
plaintiff two tracts of land, situate in Wake County, and described in
the complaint. The said defendant declined to accept the deed tendered
to him by the plaintiff, and to pay the contract price for said land, on
his contention that the plaintiff is not the owner in fee of one of said
tracts. He contended that the defendants other than himself are the
owners in fee simple of said tract, subject to the life estates of their
mother, Mattie A. Smith and their father, Robert Y. Smith.

The action was tried on a statement of facts agreed. On these facts
the court was of opinion that plaintiff is the owner in fee simple of
both the tracts of land described in the complaint, and that the deed
tendered to the defendant, D. P. Franks, by the plaintiff, is sufficient to
convey and does convey both said tracts to the said defendant in fee
simple.

It was adjudged that the plaintiff recover of the defendant, D. P.
Franks, the sum of $1,350, the amount due on the purchase price of
the two tracts of land described in the complaint, and that plaintiff
has a lien on said tracts of land for the payment of said sum. The
defendants appealed from the judgment to the Supreme Court.

*Briggs & West for plaintiff.*
*Gatling & Morris for defendant, D. P. Franks.*
*J. E. Pearson for other defendants.*

BURROWES *v.* FRANKS.

CONNOR, J. On 9 October, 1868, Simeon J. Utley and his wife, Martha Ann Utley, executed a deed by which in consideration of their natural love and affection for him, they conveyed to their son, Bennett Utley, in fee simple, a tract of land situate in Wake County, and containing 138 acres, more or less. This deed was duly recorded in the office of the register of deeds of Wake County. Bennett Utley, the grantee in said deed died some time prior to 1880, intestate, and leaving as his only heirs at law his sisters, Anna Lalon Adams, wife of George B. Adams, and Susan F. Harris, wife of Aaron L. Harris. Upon the death of their brother, his sisters entered into possession of the said tract of land, as tenants in common, and remained in possession as such until some time after the death of their father, Simeon J. Utley.

Simeon J. Utley died during the year 1880. He left a last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Wake County. By this will he devised to his daughter Susan F. Harris a certain tract of land situate in Wake County, containing 72 acres, more or less, which he owned in fee simple at his death. He also devised to his daughter, Anna Lalon Adams, a certain tract of land situate in Wake County, containing 104 acres, more or less, reciting in said will that this devise was made to his said daughter "for and in consideration of the transfer of her interest in the real estate of Bennett R. Utley, deceased, to the said Susan F. Harris and her heirs." Both the said Susan F. Harris and the said Anna Lalon Adams entered into possession, under said will, of the tracts of land devised to them respectively, therein.

On 13 November, 1880, George B. Adams and his wife, Anna Lalon Adams, executed a deed by which for and in consideration of the devise to the said Anna Lalon Adams of the 104-acre tract to her by her father, Simeon J. Utley, they quitclaimed to "Aaron L. Harris and his wife, Susan F. Harris and their heirs," all the right, title, interest and estate of Anna Lalon Adams in and to the tract of land which descended to her and to the said Susan F. Harris, as heirs at law of Bennett Utley. This deed was duly recorded in the office of the register of deeds of Wake County.

Susan F. Harris died intestate during the year 1898, leaving surviving her husband, Aaron L. Harris, and her children: (1) Mattie A., who married Robert Y. Smith; (2) Hettie V., who married Junius H. Smith; and (3) Ann, who married L. D. Stephenson. The children of the said Susan F. Harris thereafter caused the lands which had descended to them as her heirs at law, including the 138-acre tract to be duly partitioned among them. The share allotted to Mattie A. Smith, wife of Robert Y. Smith, in said partition, included the southern half of the 138-acre tract.

Aaron L. Harris survived his wife, Susan F. Harris, and died in 1916. He left a last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Wake County. Item 3 of said will is as follows:

· Item 3. My tract of land containing 138 acres, situate in Panther Branch Township, Wake County, in said State which was conveyed to me and my wife, Susan F. Harris, jointly by George B. Adams and wife, Anna Lalon Adams, by deed recorded in the office of the register of deeds of Wake County in Book 64, page 161, I desire divided into two equal parcels by a line running due east and west direction. The southern half of said tract, 69 acres, less two acres, devised to Hettie V. Smith, I give and devise to my daughter Mattie A. Smith, the wife of R. Y. Smith, during the term of her natural life, and if she should die before the death of her husband, then to her husband R. Y. Smith during his natural life, and after the death of both the said Mattie A. Smith and her husband, R. Y. Smith, I give and devise said tract of land to the children of my said daughter, Mattie A. Smith, and their heirs."

On 16 September, 1929, the sheriff of Wake County executed a deed by which he conveyed to the Commercial National Bank of Raleigh, in satisfaction of an execution in his hands issued upon a judgment against Robert Y. Smith and his wife, Mattie A. Smith, all their right, title, interest and estate in and to the southern half of the 138-acre tract of land above referred to. The plaintiff, as receiver of the Commercial National Bank of Raleigh, has contracted to sell and convey to the defendant, D. P. Franks, in fee simple, the said southern half of the said 138-acre tract of land, and has tendered to said defendant a deed in performance of his contract. The said defendant has declined to accept said deed and to pay the amount due as purchase money for said tract of land, on the ground that plaintiff is not the owner in fee simple of the said tract of land. At the trial in the Superior Court, it was ordered, adjudged and decreed that plaintiff is the owner in fee simple of said tract of land, and that he recover of the defendant, D. P. Franks the amount due by him as the purchase money for the lands described in the complaint.

At the death of Susan F. Harris in 1898, the 138-acre tract of land, which she then owned in fee simple, descended to her children, as her heirs at law, subject, of course, to the life estate of her husband, Aaron F. Harris, who survived her, and died in 1916. The quit-claim deed executed by George B. Adams and his wife, Anna Lalon Adams in 1880, did not create an estate by the entireties in the said Susan F. Harris and her husband, Aaron F. Harris, notwithstanding its language. The only purpose and effect of this deed was to evidence the election of Anna

Lalon Adams to take the land devised to her by her father, Simeon J. Utley, by his last will and testament, subject to the provision of said will, with respect to her interest in the 138-acre tract, in which she then owned an undivided one-half interest, as an heir at law of her brother, Bennett Utley, deceased. As required by said will, she elected to transfer her interest in said land to her sister and cotenant, Susan F. Harris, and her heirs. Susan F. Harris thereby became the owner in fee of the entire tract of land. Her husband, Aaron F. Harris, although named in the quit-claim deed, jointly with his wife, acquired no right, title, interest or estate in said land under or by virtue of said deed, which he could devise by his last will and testament in derogation of the title of the heirs at law of Susan F. Harris.

In *Garris v. Tripp,* 192 N. C., 211, 134 S. E., 461, it is said: "It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife, that the spouses be jointly entitled as well as jointly named in the deed. Hence if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. And it matters not if the conveyance is so made at her request, because being a married woman she is presumed to have acted under the coercion of her husband."

This principle which is well settled as the law, is applicable in the instant case. There was no error in the trial of the action, and the judgment is

Affirmed.