## REYNOLDS et al. v. McGUIRE.

Court of Appeals of Kentucky.
Dec. 12, 1952.

Combs & Combs, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellee.

SIMS, Justice.

Appellee, Taulbee McGuire, brought this action in ejectment against appellants, John and Ernest Reynolds, to recover the possession and be adjudged the owner of a tract of land containing 10 acres in Floyd County; also, he sought $400 damages for

the loss of rents and profits and for timber taken from the land by appellants. The jury found appellee had title to the land and awarded him $100 damages and judgment was entered accordingly.

A reversal of the judgment is sought on four grounds: 1. The evidence shows the deed under which appellee claims is a forgery; 2. appellee's wife obtained her deed in the partition of her mother's land, therefore her title was acquired by inheritance and not by deed of bargain and sale and her husband only took curtesy in the land at his wife's death; 3. appellee cannot maintain this action against appellants because he and they are tenants in common; 4. appellants' motion to transfer the case to equity should have been sustained as their counter-claim asked a reformation of the deed under which appellee claimed.

The record shows Minerva Sizemore died intestate prior to April 17, 1941, the owner of a 35 acre tract of land in Floyd County. She left as her sole heirs-at-law four childlren; John and Ernest Reynolds, Frances Owens and Lottie McGuire, the wife of appellee. Previously, Ernest had conveyed his interest in his mother's land to John and in 1941 the three other children agreed upon a partition of her land. On April 17, 1941, John and his sister, Frances, executed a deed to Lottie conveying her the 10 acres now in controversy; and Lottie and her husband, Taulbee McGuire, executed deeds to John and Frances covering the tracts partitioned to them. None of these deeds was recorded immediately, but all seem to have been left in the possession of Lottie. She died January 22, 1944, while her husband was in Michigan. He could not find the deed executed to Lottie and himself when he came home immediately after the death of his wife, but later found it and put it to record on August 21, 1944. This deed was made to Lottie and him jointly and contained a survivorship clause. The bill of exceptions is in narrative form and shows two deeds executed by John and Frances to Lottie; one to Lottie alone, and the other to her and her husband, Taulbee, with a survivorship clause. This former deed was put to record

on February 10, 1944, but John testified he did not lodge it for record. The two deeds bear the same date and are practically identical except the one first recorded named only Lottie as grantee, did not mention her husband and naturally contained no survivorship clause.

John and his sister, Frances, testified the deed they executed was the first one put to record, while the deed that Taulbee had subsequently recorded was a forgery. However, I. A. Smiley, the Deputy County Court Clerk of Floyd County who wrote the deeds of partition, testified that both Lottie and her husband, Taulbee, were named as grantees in the deed he wrote for John and Frances and it contained a survivorship clause which was inserted at the request of Lottie. In the face of this conflicting testimony, it cannot be said the finding of the jury that the deed under which Taulbee claimed title was genuine and not a forgery is not supported by the evidence. However, we are not faced with that question since it vanishes when we determine whether Lottie obtained title through the deed executed to her by her brother and sister; or whether she took title by inheritance from her mother, as appellants insist.

■ The rule in this jurisdiction is that where heirs to real estate execute deeds of partition among themselves whereby the undivided interest of each in the ancestor's land is converted into a severalty, the heirs do not take title under the partition deed but take by inheritance, and the partition of the land creates no new title to the shares set off to the parties to be held in severalty. This is true whether the partition is made by the act of the parties or by decree of court. Harvey v. Moran's Adm'r, Ky., 245 S.W.2d 452; Babbit v. Scroggin, 1 Duv. 272, 62 Ky. 272. This appears to be the general rule as an examination of the several foreign authorities cited in the Harvey opinion will show. The rule is applicable even if the other spouse is included as a grantee by direction of the cotenant. 40 Am.Jur. "Partition" § 126, p. 106; Annotations 132 A.L.R. 637–640.

Even if appellants should admit that at the instance of his wife, Taulbee's name was written in the deed as a cotenant with his wife and that the instrument contained a survivorship clause, nevertheless, Taulbee took no title to the land by virtue of the deed since his wife acquired title not by the deed but by inheritance from her mother. All the deed did was to substitute a severalty in the wife, Lottie, in lieu of the undivided interest in the land she inherited from her mother. Dexter v. Billings, 110 Pa. 135, 1 A. 180; Stoffal v. Jarvis, 235 Pa. 50, 83 A. 609; Cottrell v. Griffiths, 108 Tenn. 191, 65 S.W. 397, 57 L.R.A. 332, 91 Am.St.Rep. 748; Burrowes v. Franks, 205 N.C. 456, 171 S.E. 631; Rhodes v. Perry, 142 Or. 165, 19 P.2d 418.

The only interest Taulbee took in this 10 acres upon the death of his wife was the right of curtesy under KRS 392.010 and 392.020, which is a one-third interest for life. The record before us does not show whether or not this land has been allotted to Taulbee as curtesy in the settlement of his wife's estate, but we assume it has as no special demurrer was filed to his petition. We are not disposed to interfere with the verdict of the jury awarding Taulbee $100 damages for being deprived of the use of the land. But that part of the judgment must be reversed which decrees Taulbee to be the owner of the land under the deed he contended was jointly executed to his wife and himself and which attempted to vest a fee in the surviving spouse. If curtesy has not been allotted to Taulbee, he does not lose his right to ask now for its allotment. The fact that he took possession of this entire 10 acre tract upon the death of his wife does not estop Taulbee from now having curtesy allotted to himself. Frasure v. Martin, Ky., 247 S.W.2d 51.

Appellants contend that Taulbee cannot maintain this action since one cotenant may not sue another cotenant in ejectment. The answer to that argument is that Taulbee is not a cotenant with appellants. Taulbee has a curtesy interest in the lands of his wife, with the remainder interest vested in John and Frances. The owner of the life estate and the owners of the remainder are not tenants in common or joint tenants. The owner of the life estate has the right to possession and use of the property until his death. Miracle v. Miracle, 260 Ky. 624, 86 S.W.2d 536, 102 A.L.R. 964.

The court committed no prejudicial error in refusing to transfer the case to equity. True, as we view the case, the court should not have submitted to the jury the question of which deed was genuine since neither deed determined what interest Taulbee took in the land in dispute, which was a question for the court under pleadings and exhibits. Under the law Taulbee has a curtesy interest in this land and the proof shows conclusively that appellants wrongfully ousted him, hence the submission of the question of damages to the jury was not harmful to appellants and the evidence supports the jury's verdict of $100 in damages.

That part of the judgment decreeing Taulbee to be the owner of the land is reversed and one will be entered in conformity with this opinion. That part of the judgment awarding Taulbee $100 damages for the loss of the use of the land is affirmed.