## Mary E. Bailey, Appellant, *v.* Joseph N. Marshall.

*Statute of frauds—Promise to pay the debt of another—Act of April 26, 1855.*

The act of April 26, 1855, P. L. 308, which directs that " no action shall be brought whereby to charge . . . . the defendant upon any special promise to answer for the debt or default of another unless the agreement . . . . shall be in writing," was meant to relieve an alleged guarantor or surety; not to relieve one who had a personal beneficial interest in the assumption.

As a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time of the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute.

Plaintiff held a judgment note against P. for $1,000 with power of attorney to confess judgment. Defendant entered a judgment against P. for $5,000, issued execution and levied on all the real and personal property of P. The amount actually due and payable by P. to defendant was $200. Defendant, knowing of the existence of plaintiff's judgment note, sent for her and said " I will stand by thee, and see thee is paid every cent, if thee says nothing and does nothing." Plaintiff did not enter her judgment, and at the sheriff's sale defendant bought in the property, and was credited with the amount of his own judgment. *Held*, that the undertaking of defendant was not to pay P.'s debt, but his own, and that the plaintiff was entitled to recover from him the full amount of her judgment note.

Submitted on paper-books, Feb. 14, 1896. Appeal, No. 188, Jan. T., 1896, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1893, No. 25, entering nonsuit. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a verbal promise. Before WADDELL, P. J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

No oral arguments were made for either side.

*Wm. S. Harris* and *Robt. J. Monaghan,* for appellant, cited in their printed brief: Nugent v. Wolfe, 111 Pa. 471; Arnold v. Stedman, 45 Pa. 188; Ames v. Foster, 106 Mass. 402; Merriman v. McManus, 102 Pa. 106; Fehlinger v. Wood, 134 Pa. 524.

*Thomas W. Pierce* and *C. Wesley Talbot,* for appellee, cited in their printed brief: Maule v. Bucknell, 50 Pa. 39; Nugent v. Wolfe, 111 Pa. 471; Shoemaker v. King, 40 Pa. 107; Slingluff v. Eckel, 24 Pa. 472.

OPINION BY MR. JUSTICE DEAN, April 6, 1896:

Whether the debt in controversy be that of him who has assumed to pay it, or of another, is in most cases a question of fact. There can be no precise legal definition of liability under the act of 26th of April, 1855, P. L. 308, which will determine, in all cases, perhaps in but very few, the answerability of him who promises to pay. The act says: " No action shall be brought whereby to charge . . . . the defendant upon any special promise to answer for the debt or default of another unless the agreement . . . . shall be in writing." This is clearly meant to relieve an alleged guarantor or surety; it was never intended to relieve him who had a personal beneficial interest in the assumption. There cannot be a better construction of this statute than in Nugent v. Wolfe, 111 Pa. 471, where we held, the present chief justice rendering the opinion, that: " It is difficult, if not impossible, to formulate a rule, by which to determine, in every case, whether a promise relating to the debt or liability of a third person is or is not within the statute; but as a general rule, when the leading object of the promise or agreement is to become guarantor or surety to the promisee for a debt, for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time with the promise of the principal, is within the statute, and not binding unless evidenced by writing. On the other hand, when the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay, or discharge the debt of another, his promise is not within the statute."

Applying these principles to the facts in the case before us, to what conclusion do they impel us? In September, 1892,

Mary E. Bailey held a note against Davis Pennock in sum of $1,000, with power of attorney to confess judgment. At this time, Marshall, the defendant, entered a judgment against Pennock for $5,000, issued execution, and levied on all the real and personal property of Pennock; the amount actually due and payable on his $5,000 judgment did not exceed, as appeared afterwards from his own statement, $200. The plaintiff was standing there with her judgment ready for entry, on which she could immediately issue execution, seize and bid upon the property; just at this juncture, Marshall, knowing her rights, sent for her and said: " I will stand by thee and see thee is paid every cent if thee says nothing and does nothing." She accepted his proposition, neither entered her judgment nor took any steps to collect it. The sheriff's sale went on, and Marshall bought the larger part of the real and personal property, and was credited on his purchase with the amount of his own judgment.

We notice by the testimony that Marshall denies the statement of Mrs. Bailey; we express no opinion as to the credibility of the witnesses ; the question is, if the jury believed Mrs. Bailey's testimony, would the court have been warranted in granting the compulsory nonsuit on the ground that the promise was to answer for the debt or default of another? What was the leading object of Marshall in making the promise by which he lured her to inaction? Clearly, it was not to pay Pennock's debt, nor Mrs. Bailey's claim. His sole purpose was to silence her as an antagonistic bidder at the sheriff's sale; this was no benefit to Pennock, the debtor; it was an advantage to Marshall, and he reaped the full fruits of it; she was silenced by his promise, and he got the property at his own figure. His leading object was to subserve his own interest; in fact, he had no other object; having accomplished it, he is now called upon to answer, not for Pennock's debt, but for his own, and if Mrs. Bailey be believed, he ought to pay.

The decree of the court below entering compulsory nonsuit is reversed, and procedendo awarded.