# Squires *v.* Job, Appellant.

*Malicious prosecution—Debtor and creditor—Probable cause—Malice.*

1. In an action for malicious prosecution, a verdict and judgment for the plaintiff will be sustained where a constable testifies that he was instructed by the defendant to arrest the plaintiff on a warrant charging the latter with obtaining goods by false representations, but that if the plaintiff paid the amount of the debt which defendant claimed the constable was "to let it go at that."

2. Where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of

want of probable cause and malice, and shifts the burden of showing it was not so on to the defendant.

*Practice, C. P.—Judgment n. o. v.—Appeals—Review—Act of April 22, 1905, P. L. 286.*

3. In determining as to the correctness of a judgment n. o. v. under the Act of April 22, 1905, P. L. 286, the test is whether binding directions for the defendant would have been proper at the conclusion of the trial. In applying the test the plaintiff must be given the benefit of every fact and inference of fact pertinent to the issue, which the jury could legitimately find from the evidence before them.

Argued March 4, 1911. Appeal, No. 5, March T., 1912, by defendant, from judgment of C. P. Luzerne Co., Oct. Term, 1908, No. 865, on verdict for plaintiff in case of Ambrose C. Squires v. Frederick Job. Before Rice, P. J., Henderson, Orlady, Head and Porter, JJ. Affirmed.

Trespass for malicious prosecution. Before Ferris, J.

The statement of claim alleges that the defendant, in order "to unlawfully compel said plaintiff to pay said defendant an alleged debt of $146.74 and to extort from said plaintiff said sum . . . ." appeared before the alderman, made the information charging the plaintiff with the crime of false pretenses and had the warrant issued for his arrest.

In support of this averment, J. L. Carey, a constable who served the warrant, testified: "Q. Go on and tell what your instructions were from the defendant. A. My instructions from the attorney, and the defendant, to go down there and arrest Mr. Squires, but if Mr. Squires wanted to make good the sum of $146, or something, why it was all right to let it go at that."

He testified, on cross-examination: "Q. Do you remember on what day you had this conversation with Job? A. It was just before I went down to Shippensburg." Again, on cross-examination, he further testified: "Q. Did you make demand for $146? A. I said I have got this, calls for $146, if you want to pay it, there will be nothing done with this suit. I says, 'there is $146 and some

odd cents it states there,' I says, 'if you want to pay this
suit will be dropped.'   Those are the exact words I told
him.   Q. What did he say?   A. He said he would not
settle because he had nothing to settle for.   Q. Are those
the words he used?   A. Yes, I am pretty positive of that.
Then he went to work and went out and got bail.''

Verdict and judgment for plaintiff for $200.   Defendant
appealed.

*Errors assigned* were (1) in refusing binding instructions
for defendant, and (3) in refusing judgment for defendant
n. o. v.

*W. J. Trembath,* with him *W. N. Reynolds, Jr.,* for
appellant.—If the admitted facts amount to probable
cause, the court should direct a verdict for the defendant:
Bruff v. Kendrick, 21 Pa. Superior Ct. 468; Robitzek v.
Daum, 220 Pa. 61; Ruffner v. Hooks, 2 Pa. Superior Ct.
278.

*W. Alfred Valentine,* with him *L. Floyd Hess,* for ap-
pellee, cited: MacDonald v. Schroeder, 214 Pa. 411;
Lautner v. Kann, 184 Pa. 334; Troxell v. Malin, 9 Pa.
Superior Ct. 483; Bruff v. Kendrick, 21 Pa. Superior Ct.
468.

OPINION BY ORLADY, J., July 18, 1912:

This action was brought to recover damages for an
alleged malicious prosecution.   No new principle is in-
volved and the trial in the court below finally turned upon
the question of the credibility of witnesses in regard to
disputed facts.   Counsel agree as to the legal questions
presented and enough has been written and declared on
this subject to make it not necessary to repeat the well-
recognized rule governing such a case.   Nothing is better
settled by our cases than that where one commences
a criminal prosecution for the purpose of compelling his
debtor to pay a just debt, it is prima facie evidence of

want of probable cause and of malice, and shifts the burden of showing it was not so on the defendant: Mac-Donald v. Schroeder, 214 Pa. 411.

What is probable cause and whether it existed under an admitted and clearly established state of facts, is a question of law for the court. The question is not whether the person charged with a crime was guilty, but what were the indications of his guilt. The test is the belief of the prosecution in the existence of probable cause, based on reasonable grounds. The question does not depend upon the actual state of facts in the case, but upon the honest and reasonable belief of the prosecutor that there is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense: Robitzek v. Daum, 220 Pa. 61. When probable cause is shown, the motive of the prosecution is unimportant; a well-founded prosecution may be undertaken from a bad motive. If the admitted facts amount to probable cause, a verdict for the defendant should be directed by the court: Scott v. Dewey, 23 Pa. Superior Ct. 396.

If the jury believed the testimony of the witness Cary, they were warranted in concluding that the defendant was using the process of the criminal court as a collecting agency for a bad debt, and the verdict in favor of the plaintiff was founded on ample testimony.

The defendant's motion for judgment n. o. v. was properly denied under authority of Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647. "In determining as to the correctness of a judgment n. o. v. under the Act of April 22, 1905, P. L. 286, the test is whether binding directions for the defendant would have been proper at the conclusion of the trial. In applying the test, the plaintiff must be given the benefit of every fact and inference of fact pertinent to the issue, which the jury could legitimately find from the evidence before them."

The assignment of error is overruled and the judgment is affirmed.