## Wright v. Wright.

*Sheriff's sale — Distribution of proceeds — Taxes—Tenants in common— Tenants by entireties.*

1. Where real estate is sold by the sheriff for sufficient to pay the taxes, the taxes are to be first paid out of the proceeds, and the liability of the owners as between themselves does not affect the rights of the city or county.

2. Where a defendant in an execution owns an undivided one-fourth interest in land sold by the sheriff, and he and his wife own, as tenants by entireties, the remaining three-fourths, the sale passes only a one-fourth interest in the land, as the estate by entireties cannot be affected by the sale on an execution against the husband alone.

3. In such case, where the fund is sufficient to pay all the taxes against the land, the taxes will be paid, although only a one-fourth interest in the land passes under the sale.

4. The Act of May 16, 1923, P. L. 207, does not apply to such case, inasmuch as the benefit of the act is personal to joint tenants, and if the husband had failed to have his one-fourth share of the land as joint tenant assessed to him, or to have his taxes prorated and paid before the land was sold by the sheriff, neither the tax officer nor the sheriff has a right on his own motion to have the taxes of the defendant in the execution prorated after the sale and the money is brought into court for distribution.

Exceptions to sheriff's schedule of distribution. C. P. Greene Co., March T., 1926, No. 52.

*Scott & Hook*, for plaintiff; *James J. Purman*, for exceptant.

SAYERS, P. J.—On March 8, 1926, the sheriff made return of the sale of the real estate of the defendant and presented to the court his schedule of distribution. On the same day the return was filed and confirmed *nisi*. Rule XL, section 1, of the rules of this court provides: "If exceptions to the sheriff's return are made within ten days by any person interested therein, the court shall proceed to hear and determine the same as now provided by law."

Exceptions to the sheriff's schedule of distribution were filed on March 9, 1926, by Edna E. Wright and James J. Purman. Edna E. Wright and Benjamin F. Wright, her husband, were tenants by entireties of the three-fourths of the land described in the sheriff's levy; Benjamin F. Wright was the owner in fee of the undivided one-fourth of the land. James J. Purman, the other exceptant, was the purchaser at sheriff's sale and took such title as Benjamin F. Wright had in the land by virtue of the sheriff's deed made to him. On the same day the matter of the exceptions to the sheriff's distribution was placed on the argument calendar in this court, and on March 29th the matter was heard in open court and the testimony which is filed herewith was taken. James J. Purman appeared for himself as purchaser and as attorney for Edna E. Wright. Thomas H. Shannon appeared as attorney for Edna E. Wright, and Edna E. Wright appeared in person. G. W. Waychoff appeared in behalf of B. F. Wright, defendant, and asked leave to file a brief. H. A. Wright, plaintiff in the judgment at No. 4, September Term, 1925, to whom the sheriff distributed that part of the money involved in the dispute raised by the exceptions, was not present in person or represented by counsel.

This court, after giving the subject-matter of the exceptions a great deal of study and consideration, concluded that the matter was not properly before the court. Our rule of court provides that the court shall hear and determine the exceptions in the manner provided by law. The Act of June 16, 1836, § 86, P. L. 777, provides that the court shall have power, where there shall be disputes concerning the distribution of money arising from a sheriff's sale, "after

reasonable notice given, either personally or by advertisement, to hear and determine the same according to law and equity."

The Act of June 4, 1901, P. L. 357, provides for the method of return to the court of a schedule of distribution by the sheriff, the reading of the same in open court and the confirmation thereof. If exceptions are filed as provided by our rule of court, this act of assembly provides, further, that "the court shall proceed to hear and determine the same as now provided by law in case of disputes as to the distribution of the proceeds of sheriff's sales." The Act of June 28, 1871, P. L. 1376, provides that the court may distribute the fund or, when expedient, he may appoint an auditor with the assent of parties in interest, "notwithstanding that the proceeds of such sales shall not have been paid into court."

H. A. Wright, the judgment creditor, to whom the sheriff has awarded part of the money, at the time of the hearing had no notice of this proceeding, nor had he given his consent that the court shall dispose of these exceptions without the appointment of an auditor and without requiring the money to be paid into court.

The court having indicated to counsel that notice should have been given H. A. Wright, and that the money should have been paid into court and an auditor appointed, he voluntarily appeared May 22, 1926, and filed a paper waiving the necessity of paying the money into court and authorizing the court to make distribution as if the money had been paid in and agreeing that the money awarded to his judgment should be paid to the county treasurer and applied to the payment of the taxes assessed against the land sold. He also agreed that the testimony taken without notice to him on March 29, 1926, may be considered by the court or disposition of the exceptions with like effect as if he had been personally present and had taken part in the hearing and had agreed that the amount in dispute should be paid to the county treasurer on account of said taxes.

## Discussion.

Without entering into a detailed finding of the facts in this case, the court finds briefly that Benjamin F. Wright was the owner of an undivided one-fourth interest in the tract of land which was sold by the sheriff, and that he and his wife, Edna E. Wright, are the owners in joint tenancy of the other three-fourths of the land by entireties, and that the sheriff's sale passed no title to the three-fourths of the land held by the husband and wife to the purchaser. Each of them were and are seized by entireties of an interest in the whole of the three-fourths of said tract of land. The estate of each dies with the owner, and only the survivor has an absolute and unqualified fee simple in the whole. ' Nothing can affect their estate or destroy the fee in expectancy of either of them unless they have entered into a joint contract or obligation that has such effect: Hupfel's Sons v. Getty, 299 Fed. Repr. 939.

The unity of husband and wife in regard to their joint property is not affected by any act of assembly relating to separate property of married women or abolishing survivorship among joint tenants: Bramberry's Estate, 156 Pa. 628; Hoover v. Potter, 42 Pa. Superior Ct. 21; Gillan's Exec'rs v. Dixon, 65 Pa. 395; Rhodes's Estate, 232 Pa. 489.

"Neither husband nor wife could sell even the expectancy of survivorship without the joinder of the other, nor could a valid title to the immediate interest or expectancy be obtained by sheriff's sale or under proceeding in bankruptcy: Beihl v. Martin, 236 Pa. 519." Such is held to be the law by Mr. Justice Simpson in O'Malley v. O'Malley, 272 Pa. 528, 531.

Wright *v* Wright.

The tract of land containing 125 acres was assessed as a whole to C. B. Wright's estate, and the exceptants claim that the road, school and county taxes for 1925 and 1926, amounting to $209.88, should have been paid out of execution proceeds in the sheriff's hands, instead of one-fourth of that amount, as actually claimed by the county treasurer, to whom the taxes were returned under the provisions of the Act of June 1, 1915, P. L. 660. The decision of the county treasurer in putting in his claim for one-fourth of the taxes seems to be that only the undivided one-fourth of the land was conveyed by the sheriff's sale, and that, under the Acts of May 24, 1917, P. L. 270, and June 23, 1917, P. L. 645, and section 6 of the Act of May 16, 1923, P. L. 207, permitting joint tenants, tenants in common or co-parceners to prorate and pay his or her share of the taxes assessed against the whole tract of land, and thereafter be relieved from the payment of taxes on that part of the land which did not belong to the tenant or co-parcener, Benjamin F. Wright, or his estate could only be required to pay one-fourth of the taxes filed.

It is the opinion of the court that the right to take the benefit of these acts is personal to the joint tenants in this case, and if the defendant failed to have his share of the land assessed to him or to have his taxes prorated and paid before the land was actually sold at sheriff's sale, the county treasurer and the sheriff have no right of their own motion to have the taxes of the defendant in the execution prorated after the land is sold and the money is brought into court for distribution. These taxes were levied against the whole tract of land, and since the proceeds of sale in the sheriff's hands are sufficient to pay all the taxes claimed except one cent, they should be paid out of the money in his hands for distribution. The law will not operate automatically to prorate these taxes, because only one-fourth of this land was conveyed to the purchaser by the sheriff's deed, and because the title to the remaining three-fourths in the execution defendant and his wife, will be relieved of the payment of three-fourths of these taxes. The liens of all these taxes attach to every part of the land, and the execution defendant not having prorated and paid his taxes on his part of the land prior to the time of the sheriff's sale, the county treasurer and sheriff have no right under the law to do it for him now.

It was held by the Common Pleas *in banc* in Allegheny County, in Mallisee *v.* Jennings, 73 Pitts. L. J. 175, in passing on exceptions to a sheriff's distribution directing taxes to be paid out of the proceeds of the sale of a remainderman's interest in land, the exceptant holding that the sale did not discharge the lien of the taxes assessed against a tenant for life, that (commenting on the case of Philadelphia *v.* Hepburn, 13 Phila. 98) : "This is the only case that has been found throwing any light on the question, and we did not agree with the conclusion. The taxes are not a claim against the individual, and when real estate is sold for sufficient to pay the taxes, they are to be first paid out of the proceeds, and liability of the owners, as between themselves, does not affect the rights of the city or county. Apparently, there is an injustice to the execution creditor in the result of this ruling, inasmuch as the life-tenant is relieved from the payment of the taxes to the loss of the creditor; but if there is any remedy, it is not in this proceeding."

We can find no exception under section 31 of the Act of May 16, 1923, P. L. 207-221, relieving this land from the payment of taxes. The amount due is not indefinite or undetermined and is presently payable, and the proceeds of sale are sufficient to discharge the lien. This section provides that on any such (judicial or tax) sale being made, all tax claims shall be paid out of the proceeds thereof; the oldest tax having priority, etc.

And now, May 31, 1926, after due consideration and for the reasons above set forth, it is ordered and directed that the sheriff's schedule of distribution in this matter be amended and corrected, and he is ordered to pay to the county treasurer the sum of $157.40 in addition to the $52.47 already applied by him to the taxes in the treasurer's hands, and the said schedule of distribution, as hereby amended, is absolutely confirmed.

From S. M. Williamson, Waynesburg, Pa.