## Dockey v. Dockey.

*Husband and wife—Loan of money by wife to husband—Joint bank account—Evidence—Competency of wife to testify.*

1. In an action by a wife against her husband to recover money deposited by her in their joint bank account, it is competent for the wife to testify that the deposit was made by her as a loan to her husband, that it was not the intent of either that it should be considered a gift, and that the deposit was made so that the money should be available for the husband, and that he drew it out the day following the deposit.

2. In such case the rule cannot be invoked that the deposit by a husband or wife, or either of them, in their joint names, establishes a joint ownership in such deposit with the right of survivorship.

*Assumpsit* by wife against husband. Motion for judgment *n. o. v.* C. P. Northumberland Co., Feb. T., 1925, No. 17.

*C. C. Lark,* for plaintiff; *J. A. Welsh,* for defendant.

LLOYD, J.—The plaintiff brought this action against her husband to recover the sum of $1000. The trial resulted in a verdict for the plaintiff. The defendant filed a motion for a judgment *n. o. v.* and a new trial. Three reasons were originally filed in support of these motions, but counsel for defendant in his brief of argument states that the first and second reasons are the only ones relied upon to sustain the motions. The first reason complains of our action in refusing to direct a compulsory non-suit, and the second, of our refusal to give binding instructions for the defendant.

The refusal of the court to direct a compulsory non-suit furnishes no ground for a new trial. The motion for a new trial must, hence, be dismissed, and the reasons assigned are to be treated as if in support of the motion for judgment *n. o. v.* They are grounded on the single assumption that the money in suit was a gift and not a loan.

"In considering the motion of the defendant for judgment *non obstante veredicto,* the defendant's contradictory testimony is eliminated:" Duffy *v.* York Haven W. & P. Co., 233 Pa. 107, 111; and "the plaintiff must be given the benefit of every fact and inference of fact pertinent to the issue which the jury could legitimately find from the evidence before them:" Squires *v.* Job, 50 Pa. Superior Ct. 289. The testimony, viewed in this way, establishes the following pertinent facts: That on and prior to March 16, 1923, the plaintiff, as part of her separate estate, was the owner of $1000 and upwards; that on March 16, 1923, the defendant requested of her a loan of $1000, to be used by him in the purchase of an automobile for family use, agreeing to pay her interest thereon; that, prior to and on that date, the plaintiff and defendant had a joint bank account, which, according to the bank records, was subject to withdrawal by either, but which, under an agreement between the parties, was subject to withdrawal only upon the consent of both; that on March 17th the plaintiff, pursuant to defendant's request and promise, deposited the sum

Dockey *v.* Dockey.

of $1000 in their said joint account; that on the following day the plaintiff and defendant together viewed an automobile, which was purchased and paid for by a check drawn and signed by the defendant against said joint account; that there was no agreement nor understanding between the parties that the automobile was to be paid for jointly; that the money was not deposited by the plaintiff to the joint account with a view to its use for that purpose; that the defendant took title to the car in his own name, but subsequently gave to the plaintiff one of the keys; that, subsequently to the making of said loan, the defendant offered to pay the plaintiff interest thereon, which she did not accept, for the reason that defendant had need of it for other purposes; that no part of the principal was repaid.

But the defendant contends that, nothwithstanding these facts, it should be decided as a matter of law that plaintiff cannot maintain this action for two reasons: (1) Because, under the law, the depositing of the money to their joint account amounted to a gift; (2) because the alleged loan was a gift for the purchase of a touring car for the use of the family by and with the consent of the plaintiff.

The argument of defendant is predicated of the form to the entire exclusion of the substance of the transaction. The verdict of the jury established a loan; but the defendant seeks to excuse himself solely on the ground that the mere depositing of the money by the plaintiff in their joint account automatically, by operation of law, converted the intended loan into a gift—a defence based on sheer law and against the equities. The case of Blick *v.* Cockins, 252 Pa. 56, and cognate cases to which we have been cited, hold that bank deposits by a husband and wife, or either of them, in their joint names, establishes a joint ownership in such deposits with the right of survivorship—an estate by entireties. In all of these cases the only question decided was the right of survivorship. And in none of them was the contest between the husband and wife, nor does it appear in any of them that there was any intention by the parties to hold otherwise than according to the legal presumption flowing from their legal unity at common law. But in the case at bar the action is by the wife against her husband, and the established fact is that the money was deposited by her as a loan to him and that he used it on the day following the deposit. The evident purpose of plaintiff in so depositing the money was to make it available for defendant, and it was not intended by either that it should become his property by way of gift. We know of no case precisely in point; but, reasoning by analogy from the principles established by the following authorities in passing upon similar questions growing out of real estates, which on the face of the title deeds were held by entireties, we are of the opinion that it was competent for plaintiff to show that the money in question was a loan, and, if so shown, to maintain an action for its recovery:

In Stehman *v.* Huber, 21 Pa. 260, it was held that: "When land is held in common by a married woman and others, and they all join in a partition and her share is conveyed to her and her husband, the law looks at the character of the transaction rather than at the form of the conveyance in order to define her interest, and considers the share as still hers, a divided share being substituted for an undivided one."

This case has been frequently cited with approval by the appellate courts and quoted as late as Stoffal *v.* Jarvis, 235 Pa. 50.

The case of Merritt *v.* Whitlock, 200 Pa. 50, was instituted to obtain possession of land. The facts, so far as material to our present inquiry, are quoted from the abstract as follows:

"That on April 5, 1878, David S. Vail and wife conveyed to Nathan Whitlock and Sarah Whitlock, his wife, a tract of land, a part of which is the subject of controversy in this case. A part of the purchase money was paid by Mrs. Whitlock out of her own savings. The following clause was inserted in the deed: 'And it is hereby understood, defined and mentioned and described, that the aforesaid described piece or parcel of land Sarah Whitlock, wife of Nathan Whitlock, has absolutely to and for her own right in fee simple the undivided one-half part or portion.' Nathan Whitlock survived his wife and died in 1897. Subsequently the whole tract of land was sold under an order of the Orphans' Court to pay debts of Nathan Whitlock. The purchaser, William E. Merritt, instituted proceedings under the Act of April 9, 1849.

"The defendant offered to show that, after the execution of the deed to Nathan Whitlock and his wife, the grantees went upon the ground and employed men to stake off a division-line carrying out a parol partition, so that Nathan Whitlock took for himself about fifty acres and Sarah Whitlock the thirty-six acres in dispute, and that, at the direction of Sarah Whitlock, her son, Andrew Whitlock, took possession of the latter tract and lived thereon, cultivating the same for the benefit of his mother as well as himself, so long as she lived. Objection to this offer was sustained and bill sealed."

The defendant appealed and assigned the rejection of this offer as error. The court, in passing upon the assignment, said:

"Coming now to the main point in the case, the defendant's title, we have a question that is new and not free from difficulty. The conveyance of Nathan Whitlock and his wife contained the clause: 'And it is hereby understood, defined and mentioned and described that the aforesaid described piece of land Sarah Whitlock, wife of Nathan Whitlock, has absolutely to and for her own right in fee simple the undivided one-half part or portion.' This clause shows the clearly expressed intent of the parties to the conveyance, including the husband and wife, that the two latter should hold as tenants in common and not by entireties. It was held in Stuckey v. Keefe's Executors, 26 Pa. 397, that this could not be done, that the estate by entireties was created by a rule of law irrespective of the intent of the parties. And such seems to be the preponderance of the older authorities, though there is the great weight of Mr. Preston's opinion to the contrary. See Kent's Comm., 364, note. But Stuckey v. Keefe's Executors arose before the Married Women's Act of 1848, and the effect of that act was expressly left undecided. In later cases it has been held that estates by entireties have not been abolished by the Act of 1848, or the Separate Property Act of 1887, and will still be created by the same conveyance as at common law: Diver v. Diver, 56 Pa. 106; Bramberry's Estate, 156 Pa. 628. But in no case that has been brought to our attention was there anything to show an express intent of the parties to take otherwise than according to the legal presumption. . . .

"The defendant offered to show a parol partition by which the portion of the land now in suit was set off in severalty to the wife. No sufficient reason is perceived why he should not be permitted to do so. . . .

"The evidence of parol partition offered by defendant should have been received, and the judgment would have to be reversed on this point."

In Rhodes's Estate, 232 Pa. 489, 492, Mr. Justice Potter, after reviewing and defining an estate by entireties, says: "It is true that the law looks at the character of the transaction as well as the form of the conveyance. . . . The intention may be made clear in a deed that the grantees, even the husband and wife, are to take estates in severalty."

In our opinion, the doctrines enunciated in these cases control the present situation, and defendant's first reason must be dismissed.

In support of defendant's second reason, we are cited to Kreider's Estate, 212 Pa. 587, wherein it is held that: "Where a husband receives from his wife moneys of her separate estate, which he applies with her knowledge, consent and approval to the purchase of real estate in his own name for their joint occupancy and use, neither the wife nor her representative, after her death, can recover such money from the husband." ·

This principle is not applicable to the present situation. There is no direct testimony in the present case that the wife either approved or consented to the expenditure of her money for the automobile. And the only basis for such an inference is to be found in the fact that she viewed the automobile and was present at its purchase; but it is just as logical to infer that she was present at the request of the defendant and because of a desire on his part to please and satisfy her as to the style of the car to be purchased. Moreover, her positive testimony is that the money with which the car was to be purchased was a loan and that she had so regarded it. This negatives all inference of consent and approval—the essential ingredients in the case to which we have been cited. The second reason cannot be sustained.

And now, Jan. 4, 1926, the defendant's motion for a new trial and judgment n. o. v. are hereby overruled.

From C. M. Clement, Sunbury, Pa.