Frumkin v. Mayer, Appellant.

Argued December 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*David B. Skillman,* for appellant.

*Calvin F. Smith,* with him *Francis Johns Gafford,* for appellee.

OPINION BY STADTFELD, J., March 2, 1940:

This is an action in assumpsit in which plaintiff sought to recover from defendant the sum of $4,500 together with interest on $1,500 from August 2, 1930, and on $3,000 from November 1, 1930.

Plaintiff's statement avers that Bernhard D. Mayer, a brother of defendant, Jacob Mayer, on or about August 2, 1930, became indebted to Samuel Frumkin, plaintiff, in the amount of $1,500 for cash loaned by plaintiff to said Bernhard D. Mayer; that, on or about November 1, 1930, Horace Mayer, another brother of the defendant, became indebted to plaintiff in the amount of $3,000 for cash loaned by said plaintiff to the said Horace Mayer; that in July 1931, Jacob Mayer, defendant, verbally agreed to pay to the said Samuel Frumkin, the debts or obligations which the said Bernhard Mayer and Horace Mayer owed to said Samuel Frumkin, in consideration of the conveyance by Bernhard D. Mayer and Horace Mayer of certain real estate situate in the city of Easton; that on or about July 24, 1931, the said Bernhard D. Mayer, unmarried, Horace Mayer and Dora Mayer, his wife, by deed conveyed to said Jacob Mayer, defendant, the said real estate in the city of Easton; that the plaintiff was advised and informed of the verbal promise and agreement of the said Jacob Mayer.

Defendant filed an affidavit of defense in which he admitted the conveyance of the property above referred to but denied that the conveyance was in consideration of any promise or agreement on his part to pay the debts which the grantors owed to the said plaintiff. Defendant further set up that the cause of action averred in plaintiff's statement arose more than six years prior

to the institution of this suit and was therefore barred by the statute of limitations.

Defendant further set up a counter-claim in the sum of $6,081.04, plus interest, which was based on certain notes made by the said Samuel Frumkin to the order of the said Jacob Mayer and endorsed by the latter as accommodation endorser, as also a book account for merchandise sold and delivered and for cash loaned.

It is not necessary to go into the details of the counter-claim as the same with a small exception, were admitted on the trial of the case, and under the direction of the court a remittitur in the sum of $6,601.01 was filed by the plaintiff to the verdict found by the jury, so that the counter-claim is not the subject of complaint in this appeal.

Plaintiff filed a replication in which he averred that the defendant on May 10, 1934 and on numerous occasions thereafter, distinctly and unequivocally acknowledged the debt or obligation created by the promise of the defendant to plaintiff to pay the obligations of B. D. Mayer and Horace Mayer when the building which the plaintiff was to remodel and alter for the defendant was completed and refinanced; that the said building was completed and refinanced by the defendant before the month of June, 1937.

Before filing his affidavit of defense to the merits, defendant filed two affidavits of defense raising questions of law, the one that Samuel Frumkin, being a creditor beneficiary, could not sue in his own name and the other that the alleged promise, being a verbal promise to pay the debt of another, was within the Statute of Frauds. Both legal defenses were overruled in an opinion by LAUB, J.

The case then went to trial before the court and a jury. During the trial, it appeared that on July 24, 1931, Horace Mayer and Dora Mayer, his wife, and Bernhard D. Mayer, unmarried, entered into a written agreement with Jacob Mayer and Fannie Mayer, his

wife, whereby the property in the city of Easton hereinbefore referred to was to be conveyed to Jacob Mayer and his wife to protect the said Jacob Mayer against his liability on the endorsements for his two brothers, and Jacob Mayer and his wife agreed that as soon as Bernhard D. Mayer and Horace Mayer had paid all the obligations on which Jacob Mayer was liable and particularly one endorsement to the said Samuel Frumkin in the sum of $3,000, the premises would be reconveyed, but in the meantime, Jacob Mayer was to collect the rents and first pay the taxes, second, make the necessary repairs, and third, make payment on the obligations and indebtedness of Horace Mayer and Bernhard Mayer to said Jacob Mayer, to protect the said Jacob Mayer for all endorsements or moneys which he, the said Jacob Mayer is obligated to pay or will pay. This paper, Exhibit No. 1 was produced at the instance of the plaintiff and by him offered and received in evidence without objection.

At the trial, defendant thereafter objected to any evidence as to the alleged verbal promise of Jacob Mayer to plaintiff on the ground that it was a variance of the written agreement, Exhibit No. 1. Objections thereto were overruled by the court. Plaintiff did however, produce testimony tending to prove that the said Jacob Mayer made the promise to plaintiff to pay the debts which the grantors owed Frumkin.

Binding instructions in favor of defendant were refused and the case was submitted to the jury in a fair and comprehensive charge to find in accordance with the preponderance of the testimony. Nothing but a general exception to the charge was taken by either plaintiff or defendant.

The jury returned a verdict in favor of plaintiff for the full amount of his claim and awarded nothing to the defendant on his counter-claim. A remittitur as hereinbefore stated, was filed by plaintiff as directed by the court, for defendant's counter-claim in the sum

of $6,601.01, leaving the balance of the verdict $207.33 in behalf of the plaintiff.

A motion for judgment n.o.v. in favor of defendant was overruled by the court en banc and thereupon judgment entered on the verdict as reduced. This appeal by defendant followed.

The assignments of error to which we will refer, relate to (1) the right of a creditor beneficiary to sue in his own name; (2) the exemption of an oral promise from the operation of the Statute of Frauds where there was a consideration for it; (3) the admission of evidence in violation of the parol evidence rule, and (4) the denial of defendant's motion for judgment non obstante veredicto.

On defendant's motion for judgment n.o.v., all the evidence and inferences thereupon favorable to plaintiff must be taken as true and all unfavorable to him, if depending solely on testimony, must be rejected: *Davis v. Carroll-Porter B. & T. Co.,* 276 Pa. 71, 119 A. 742; *Strawbridge v. Hawthorne,* 47 Pa. Superior Ct. 647; *Squires v. Job,* 50 Pa. Superior Ct. 289.

We must therefore assume, from the verdict of the jury, that the defendant made the promise as set forth in plaintiff's statement and as testified to by plaintiff, as also in May of 1934, and thereafter unequivocally acknowledged the debt or obligation created by his promise to pay the obligations of his brothers, B. D. Mayer and Horace Mayer, to plaintiff. There was also evidence (97a) that the plaintiff's loan of $3000 to B. D. Mayer had been made at defendant's request.

Exhibit No. 1 was admitted in evidence without objection or exception. The action was not based on this agreement, but the court below in its opinion states: "There being no objection we received it on the theory that it had evidential value and tended to corroborate the plaintiff when he alleged in his statement and testified that the defendant had verbally promised to pay the indebtedness of his brothers, Horace and Bernhard,

and also it tended to show that there was an agreement on the part of the brothers of defendant to convey the premises known as the Detwiller property to him." With this statement we are entirely in accord.

Plaintiff's cause of action is based upon the oral promise of defendant made to plaintiff himself to pay the debts of Horace and B. D. Mayer at the time of, and in consideration of, the agreement of the latter parties to convey the Detwiller property to defendant to secure him against any and all losses by reason of his contingent liability for the obligations and debts of his brothers. The testimony is clear that plaintiff was invited to attend, and did attend, all meetings of the parties at which the terms of the agreement were discussed; that he was instrumental in obtaining the signatures of the various parties to the said agreement; and that he obtained the personal promise of defendant before and at the time of the execution of the agreement, to pay the debts of Horace and B. D. Mayer. Plaintiff's contention, supported by the testimony and the verdict of the jury, is founded upon an oral promise made directly to him. This being the case, no question of plaintiff's right to sue in his own name is involved, as it might be if his action were instituted as a third party beneficiary of a contract between defendant and his brothers. The action of the court below in refusing defendant's motion for judgment n.o.v. was based upon the same view of the case as we adopt here. We have considered it proper to discuss the question to the extent we have only because of the extensive arguments on this point made by both parties.

As to the Statute of Frauds: the primary object of the conveyance of the property by B. D. Mayer and Horace Mayer, was the special benefit which Jacob Mayer sought to gain for himself in protecting himself against his liability for the endorsements which he made for his brothers, as well as the other obligations which the brothers owed to him. These obligations

were existing at the time when Jacob Mayer made the verbal promise to Frumkin that he would pay the obligations of his brothers to Frumkin. When Jacob Mayer made the promise to pay his brothers' obligations to Frumkin, he received the conveyance of the Detwiller or Mayer Building. Jacob Mayer sought to secure himself against loss by reason of the claims of Frumkin *or any other creditor.* Hence, his primary purpose was his own protection. This being the case, there was no need for the promise of Jacob Mayer to Frumkin to be in writing.

In *Bailey v. Marshall,* 174 Pa. 602, 34 A. 326, it was held: "...... when the leading object of the promisor is to subserve some interest or purpose of his own, *notwithstanding the effect is to pay or discharge the debt of another,* his promise is not within the statute." (Italics supplied). We do not think that the agreement in the instant case was within the statute.

The case was well tried and fairly submitted. We see no error which would justify a reversal.

The assignments of error are overruled and judgment affirmed.