## Philadelphia v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co. et al.

*Francis F. Burch,* for plaintiff.
*Samuel S. Herman,* for defendants.

BLUETT, J., October 15, 1941.—There are presented for our determination separate questions of law raised by both defendants to the statement of claim filed in this action by plaintiff.

The statement of claim avers, inter alia, that on October 1, 1938, the automobile owned and operated by defendant Crabtree injured Samuel C. Coates, Jr., a police officer in the employ of plaintiff city, that defendant insurance company insured defendant Crabtree against such public liability; that on October 2, 1938, Crabtree notified the insurance carrier, defendant, of this accident claim; and that the latter, in accordance with the terms and covenants of the policy, assumed the defense thereof and entered into negotiations with plaintiff for settlement.

The statement of claim further avers that after the accident plaintiff municipality, in accordance with the Act of June 28, 1935, P. L. 477, sec. 1, as amended by the Act of May 14, 1937, P. L. 632, sec. 1, 53 PS §327, paid to Coates, its policeman-employe, the sum of $254.50, representing the wages due him at the rate of $6 a day from October 1, 1938, to November 13, 1938, the period of the employe's disability as a result of the accident, and $2.50 paid to the Frankford Hospital; that on December 15, 1938, plaintiff notified defendant insurance company of its claim of subrogation in the amount paid to Coates; that on February 18, 1939, defendant insurance company, in its own behalf and for its assured, defendant Crabtree, "entered into a verbal agreement with . . . Coates, Jr., to settle all claims arising out of the said accident, whereby . . . [defendant] agreed to pay to . . . Coates, Jr., the sum of $350 as damages for the personal injuries sustained by him, and also agreed to pay to the City of Philadelphia its subrogation claim in the total sum of $254.50 . . ."; that on February 23, 1939, defendant insurance company executed and delivered its draft to Coates for $350 *"and then and there promised the said*

*Samuel C. Coates, Jr., both on behalf of its assured, Charles F. Crabtree, and on its own behalf, to pay to the City of Philadelphia its subrogation claim in the sum of $254.50;* and relying upon the said promises of defendants, the said Samuel C. Coates, Jr., accepted the said draft for $350 in full settlement of his share of the total amount due under the terms of said agreement." (Italics supplied.)

The city's claim was not paid and on April 24, 1941, this action in assumpsit was instituted against the two defendants. The questions of law, raised by the two "statutory demurrers" of the two defendants, are sufficiently similar to be considered together.

Our opinion is that defendants have erred in construing the real basis of this action. Plaintiff's suit is not predicated on Crabtree's tortious act, but upon an alleged agreement of compromise of the unliquidated claim arising therefrom. This agreement extinguished and took the place of the original tort claim. See Wolf v. Landow, 3 D. & C. 185 (1922). Although the basis for the suit stems from the tort of Crabtree, the action is founded on the agreement of settlement. The action, therefore, is properly brought in assumpsit. It cannot be maintained that there is here a misjoinder of the causes of action.

We also see no merit in the second contention that there is a misjoinder of defendants. While the joinder of alternative defendants was improper at common law, the new civil procedure rules promulgated by our Supreme Court permit such joinder: Pa. R. C. P. 2229(b), 337 Pa. 8a-10a. There would seem to be no doubt that, plaintiff having complied with the mandate of the Act of 1935, supra, the city has a right to bring its claim against Coates for the amount of the payment it made to him, or to enforce its claim in Coates' name, against the tortfeasor, Crabtree: Philadelphia v. P. R. T. Co., 337 Pa. 1.

Plaintiff safeguarded its right of subrogation by serving notice upon the tortfeasor's insurance carrier of its claim. The insurance company assumed the defense of the case and ultimately consummated an agreement of settlement. This procedure was proper under the circumstances: Scalise v. F. M. Venzie & Co., Inc., et al., 301 Pa. 315, 320. The tortfeasor or his insurance carrier could not thereafter disregard the city's subrogation claim: Smith v. Yellow Cab Co., 288 Pa. 85, 90. The claim may be properly enforced against Crabtree, and it was not extinguished by the payment of Coates' claim only.

The city's claim is independent of Coates' rights, and the rule that a single cause of action cannot be divided into several parts and each enforced separately has no application here. Defendants could properly enter into an agreement with Coates for the division of his and the city's claims and have them paid separately. See Reeves v. The Philadelphia Gas Works Co., 107 Pa. Superior Ct. 422, and Frankel v. Quaker City Cab Co., 82 Pa. Superior Ct. 217.

The statement of claim alleges that such an agreement was entered into by Coates and the insurance company, the latter acting not only in behalf of Crabtree, its assured, but also for itself. This agreement, it is further averred, embraced not only the claim of Coates, but also that of plaintiff. The new relationship established between the parties was, therefore, as we have said, contractual, notwithstanding its tortious origin.

It is contended, however, that the oral agreement between Coates and the insurance company for itself and in behalf of its insured is void insofar as it affects the city plaintiff, because it violates the Act of April 26, 1855, P. L. 308, sec. 1, 33 PS §3, commonly known as the Statute of Frauds. We cannot concur in this conclusion. We rather incline to the view that plaintiff is a "creditor beneficiary", as the term is defined in A. L. I. Restatement of Contracts, §133 (1) *b*:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is . . . (b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary . . . ."

It is well settled in Pennsylvania that a creditor beneficiary may maintain an action in his own right: Philipsborn v. 17th and Chestnut Holding Corp., 111 Pa. Superior Ct. 9 (1933). The Supreme Court in Commonwealth v. Great American Indemnity Co., 312 Pa. 183, at page 190 stated:

"In an opinion by Mr. Justice Maxey, we quoted with approval from an article by Professor Arthur L. Corbin of the Yale Law School, in which he said (Selected Readings on the Law of Contracts, page 668): 'We should now start with the general proposition that two contracting parties have power to create rights in a third party. This has long been a general rule; it is not an "exception". "Privity" is not necessary; the third party need not be a "promisee", nor need he give consideration. . . . The third party has an enforceable right if the surety promises in the bond, either in express words or by reasonable implication, to pay money to him. . . . In this class of cases it is sound policy to interpret the words liberally in favor of the third parties' ".

It is also well settled that an oral promise to discharge a duty owed by the promisee to a third person is not governed by the statute of frauds. In other words, the agreement by the insurance company with Coates to discharge his obligation to the city was not required by law to be in writing. As it relates to Coates, the agreement was executed; with regard to the city, its claim was unsatisfied. "Under Rule 2002, as under prior practice, a third party beneficiary will be allowed

to bring suit in his own name": Pa. R. C. P. 2002, 332 Pa. lxxiv, note. Not only may the city plaintiff maintain an independent action as a creditor beneficiary, it is also not required to adduce proof of consideration for the promise upon which this action is predicated. See Commonwealth v. Great American Indemnity Co., supra. It cannot be denied that a compromise of a disputed claim is good and valuable consideration for that compromise. The surrender by Coates of his claim and his forbearance to sue thereon is good consideration for the promise of either or both defendants to pay the city its subrogation claim. Consideration is also supplied by the substitution of the defendant insurance company for defendant Crabtree (Young's Estate, 234 Pa. 287, 289) and the latter's escape from litigation for his tort. Plaintiff's right as a creditor beneficiary is indefeasible, and we do not agree with defendant's contention that this right is defeated by the compromise settlement of Coates' separate claim. See Logan v. Glass, 136 Pa. Superior Ct. 221.

The oral promise by defendants, through the agency of the insurance company, as it is averred in plaintiff's statement of claim, to pay plaintiff's subrogation claim, is an original undertaking and not merely a promise to answer for the debt of Coates. Such promise need not be in writing and is not governed by the statute of frauds: Hall v. Lincoln Saving & Trust Co., 220 Pa. 485, 489. As was succinctly stated in the early case of Maule v. Bucknell et al., 50 Pa. 39, 52:

"It is undoubtedly true that a promise to answer for the debt or default of another is not within the statute, unless it be collateral to a continued liability of the original debtor. If it be a substitute [as here], an arrangement by which the debt of the other is extinguished, as where the creditor gives up his claim on his original debtor, and accepts the new promise in lieu thereof, it need not be in writing." See also A. L. I. Restatement of Contracts, §§183, 191.

680

It has also been held that where the chief object of an agreement relating to the debt or liability of a third person is to subserve some interest or purpose of the promisor, notwithstanding the effect thereof is to pay or discharge the debt of another, such an agreement is not within the statute of frauds: Kampman v. Pittsburgh Contracting & Engineering Co., 316 Pa. 502, 506; Frumkin v. Mayer, 139 Pa. Superior Ct. 139; Kirby v. Kirby, 248 Pa. 117. It is evident that if a judgment were recovered against Crabtree the insurance company would become subject to an attachment execution or to a direct suit upon its policy: Act of May 24, 1933, P. L. 987, sec. 1, 40 PS §117. Can it be denied here that a leading object of the settlement with Coates was to subserve the interests of both defendants? The settlement agreement, the basis for this action, was intended to, and did benefit the insured and the insurer.

As for the insurer's right to make a settlement, see 79 A. L. R. 1118, Schmidt v. Travelers Ins. Co., 244 Pa. 286, 289, Frankfort Marine, Accident & Plate Glass Ins. Co. v. Witty, 208 Pa. 569, and Long v. Union Indemnity Co., 277 Mass. 428, 178 N. E. 737. Since the settlement was for Crabtree's benefit, his consent thereto will be assumed: 124 A. L. R. 1503.

For the above reasons we have resolved the questions of law in favor of plaintiff, and it is ordered that defendants file their respective affidavits of defense to the merits within 15 days hereof.